In re the **MARRIAGE OF Beverly Ann ROARK, Petitioner,**

v.

**Michael ROARK, Respondent.**

**No. 50745.**

Missouri Court of Appeals,
Eastern District,
Division Two.

Nov. 18, 1986.

Motion for Rehearing and/or Transfer
Denied Dec. 29, 1986.

Application to Transfer Denied
Feb. 17, 1987.

**440**

Lisa A. Kircher, Clayton, for petitioner.

Susan M. Hais, Clayton, for respondent.

REINHARD, Judge.

Former husband appeals judgment and orders of the trial court which found him in contempt, sentenced him to jail, and denied his motions that former wife be found in contempt. Husband also filed a petition for a writ of habeas corpus with us alleging that under the commitment order he was being wrongfully held in the St. Louis County Adult Correctional Facility. We have consolidated the appeal and the proceedings on the writ.[1]

The marriage of the parties was dissolved on November 7, 1983. The decree gave primary custody of their 5-year-old daughter to wife with temporary custody to husband on specified weekends and national holidays and for two weeks each summer. Husband was ordered to pay $300.00 per month child support, $7,100.00 attorney fees, $10,000.00 maintenance in gross, and $1.00 per year maintenance. The decree contained various other provisions not at issue here.

Both parties appealed the divorce decree. We affirmed the decree in all respects except we increased periodic maintenance from $1.00 per year to $200.00 per month. *Roark v. Roark,* 694 S.W.2d 912 (Mo.App. 1985).

Since the dissolution, both parties have filed various motions including wife's motion for contempt alleging that husband had not paid maintenance, child support, and attorney fees as required in the decree; wife's motion to move and take their child with her to Indiana; and husband's motion to modify the decree and motions for contempt alleging that wife had denied him his visitation privileges with their daughter and had failed to deliver to him certain property in accordance with the dissolution decree.

All motions were heard at the same hearing. The court denied husband's motions and granted wife's motion to move with their child from Missouri and her motion for contempt. The court found that husband had not paid the $10,000.00 maintenance in gross, that he was in arrears in the amount of $3,000.00 child support and $1,500.00 in attorney fees, that he was guilty of indirect civil contempt for violating the court's order as to the above payments, and it ordered him to jail until payments were made. Husband appeals from the judgment of contempt and the denial of his motions for contempt. Husband also filed a petition for a writ of habeas corpus in our court. We issued a preliminary writ of habeas corpus and consolidated the writ proceedings with the appeal.

Husband alleges that the judgment of contempt and commitment order are invalid because they state only legal conclusions and fail to recite the facts and circumstances which constituted the contumacious conduct upon which the contempt finding was based.

The judgment of contempt recites that husband:

1. Willingly, knowingly, purposefully, and contumaciously failed and refused to pay child support in the amount of $3,000.00 presently, attorney's fees in the amount of $1,500.00 and maintenance in the amount of $10,000.00.

. . . .

3. That the acts by Michael Roark violated this Court's order of November 7, 1983, the original of which is on file and in full effect with this Court, and of which Respondent has actual knowledge thereof, which directives are so stated as per Exhibit 1 attached to and incorporated by reference and made part of said

---

1. An appeal lies from a judgment of civil contempt. Habeas corpus also is available to determine the legality of a petitioner's restraint insofar as it can be determined from the face of the record. *Ex parte Ryan,* 607 S.W.2d 888, 892 (Mo.App.1980).

Judgment of Contempt, and the Court's order of April 27, 1984.

The Commitment Order states:

WHEREAS on August 27, 1985, after due written notice of said charge of civil contempt being personally served on the Respondent and after a full hearing on the matter, the Court found that the Respondent violated the Court's order of November 7, 1983, of 4/27/84 and subsequent order of August 27, 1985, directing Respondent to pay child support arrearage in the amount of $3,000.00, attorney's fees in the amount of $1,500.00, and maintenance in the amount of $10,-000.00, said payment due by October 1, 1985, with actual knowledge of the Court's order:

1. That Respondent has knowingly, purposefully, contumaciously and willfully failed and refused to pay the amounts as aforesaid.

■ In a civil contempt case, both the contempt judgment and the order of commitment must set forth the facts and circumstances which constitute the contempt. *Ex parte Ryan,* 607 S.W.2d 888, 891 (Mo. App.1980).

"It is well established that a judgment or commitment order in a contempt proceeding which fails to recite the facts and circumstances which constitute the offense, but merely states legal conclusions, cannot stand." *Hunt v. Moreland,* 697 S.W.2d 316, 328 (Mo.App.1985). In the *Hunt* case, petitioner for a writ of habeas corpus was incarcerated for contempt of court for failure to make child support payments. The judgment and order of commitment stated that petitioner "has since 4/1/85 contumaciously placed himself in a position so that he cannot pay said child support awards." *Id.* Referring to the contempt judgment and order of commitment, this court stated:

Whether he divested himself of assets, voluntarily left employment, refused to seek employment, or whatever, and whether he did so intentionally .for the purpose of frustrating enforcement of the court's order is not stated. This failure to set forth with particularity what petitioner did or did not do on or after April 1, 1985 renders the finding of the trial court a mere conclusion insufficient to support the order of commitment. *Id.*

In *Hunt,* we granted the writ and ordered the petitioner discharged. The contempt judgment and commitment order in *Hunt* are similar to the contempt judgment and commitment order here. Wife argues that the contempt judgment and order of commitment are sufficient because the judgment refers to "Exhibit 1" which, she says, cures the deficiencies in the judgment and order. She contends the court's "Findings of Fact" state with particularity the facts and circumstances which constitute the conduct for which husband was found in contempt. These "Findings of Fact," however, state legal conclusions about husband's conduct; they do not recite facts and circumstances sufficient to satisfy *Hunt.* Furthermore, there is no reference to an exhibit in the order of commitment, and there is nothing to indicate that "Exhibit 1" is the "Findings of Fact." The record does not include an "Exhibit 1."

■ The judgment of contempt and the commitment order themselves state only conclusions, not facts, and, therefore, are facially insufficient. As in *Hunt,* they do not state whether husband divested himself of assets, voluntarily left employment, refused to seek employment, or engaged in similar conduct, and whether he did so intentionally for the purpose of frustrating enforcement of the court's order. They cannot stand. The petition for writ of habeas corpus is granted and the husband discharged from custody. The judgment of contempt is reversed; however, we remand this portion of the case to the trial court for further proceedings if the wife desires. *See Huber v. Huber,* 649 S.W.2d 955, 958 (Mo.App.1983).

Husband's challenges to the orders denying his motions for contempt are without merit. We affirm them pursuant to Rule 84.16(b).

Petition for writ of habeas corpus granted and petitioner discharged. Affirmed in part and reversed and remanded in part.

SMITH, P.J., and DOWD, J., concur