**Marilyn R. YALEM, Plaintiff–Respondent,**

v.

**Richard L. YALEM, Defendant–Appellant.**

**No. 57929.**

Missouri Court of Appeals, Eastern District, Division Three.

Nov. 27, 1990.

Motion for Rehearing and/or Transfer to Supreme Court Denied Jan. 3, 1991.

Application to Transfer Denied Feb. 7, 1991.

Charles M. Shaw, Joseph M. Howlett, Clayton, for defendant-appellant.

Mark H. Levison, John E. Bardgett, for plaintiff-respondent.

REINHARD, Presiding Judge.

Former husband appeals the judgment and orders of the trial court that found him in contempt and sentenced him to jail for failure to pay maintenance and attorney's fees to his former wife. We reverse and remand.

The marriage of the parties was dissolved on April 12, 1988. There were no children. Property division and maintenance were contained in a separation agreement that was incorporated into the decree of divorce. This incorporation was done in compliance with the settlement. The settlement agreement specifically states that "contractual maintenance is incorporated into the decree rendered herein, which *said incorporation is done for the purpose of convenience of execution...*" (Emphasis added). Former husband agreed to pay $2,750.00 per month to his former wife for as long as she lived or until she remarried. In October of 1989 former husband failed to pay maintenance as required and former wife filed a Motion For Contempt. After various procedural clashes between the parties the trial court issued a warrant and commitment order that ordered former husband to jail[1] until he paid former wife $8,875.00 which included $2,000.00 expended on attorney's fees to bring the contempt action. This appeal ensued.

Former husband argues, as he did in the trial court, that the order of contempt was improper because the settlement agreement was contractual instead of decretal. He suggests that his former wife's

1. The legal file is silent as to when or whether husband was released from custody pending appeal.

only option was to proceed to suit on the contract itself. Under the Dissolution of Marriage Act, there are three types of maintenance awards. They are: (1) private contractual maintenance provisions which are included in the separation agreement that must be approved by the court but are expressly excluded from the dissolution decree itself; (2) maintenance provisions that are included in both the separation agreement and the decree; and (3) a maintenance award granted by the court in the absence of a separation agreement. *Davis v. Davis*, 687 S.W.2d 699, 701 (Mo.App.1985). The agreement in the present case falls into the second category. While § 452.325.6 allows the parties to preclude modification of the maintenance agreement, enforcement of the original terms may be had by "all remedies available for the enforcement of a judgment, and the court may punish any party who willfully violates its decree...." § 452.325.5, RSMo 1986. Clearly the intent of the parties was to include the maintenance into the decree as per § 452.325.4(1), RSMo 1986, so that enforcement by the court would be available in case of breach. *See Bryson v. Bryson*, 624 S.W.2d 92, 95 (Mo. App.1981).

■ Former husband alleges that the trial court erred in requiring him to pay former wife's attorney's fees that were expended in the contempt action as a condition of release. The trial court can exercise its contempt power only to compel the contemnor to comply with obligations arising from the earlier judgment or decree. *Saab v. Saab*, 637 S.W.2d 790, 792 (Mo. App.1982). While the award of attorney's fees is permissible, the payment of fees incurred in the present action of contempt cannot be a condition for release since this obligation was not part of the earlier judgment. *Saab* at 793. *See* also *Bewig v. Bewig*, 784 S.W.2d 823 (Mo.App.1990). It was, therefore, error for the trial court to include attorney's fees in his order of commitment.

■ Husband also alleges that the warrant and commitment order are invalid because it states legal conclusions rather than specific facts and circumstances. The warrant and commitment order included these findings of fact:

1. On April 12, 1988, a Decree was entered in Cause No. 523001.

2. The Decree required Respondent to pay to Petitioner the sum of $2,750.00 per month.

3. From October 1, 1989 to date, the sum of $11,000.00 was due, but Respondent has paid only $2,750.00, petitioner has garnished $1,375.00 leaving a remainder of $6,875.00.

4. Petitioner has pursued other available reasonable remedies in an effort to collect the outstanding amounts due.

5. The Respondent has the ability to pay the outstanding amount due or has intentionally and contumaciously placed himself in a position where he could not pay.

6. Petitioner was required to expend reasonable and necessary legal fees and costs for her Motion for Contempt and Order to Show Cause in the sum of $2,000.00.

In a civil contempt case, *both* the contempt judgment and the order of commitment must set forth the facts and circumstances which constitute contempt.[2] *Roark v. Roark*, 723 S.W.2d 439, 441 (Mo.App.1986). In *Roark* the findings were very similar to those here. We reversed because the "Findings of Fact ... state legal conclusions about husband's conduct; they do not recite facts and circumstances...." *Id.* As in *Roark*, we reverse and remand.

Reversed and remanded.

STEPHAN and CRANE, JJ., concur.

---

**2.** The legal file did not include the contempt judgment. Because we find the findings of fact in the order of commitment to be inadequate this error is not fatal to the appeal.