In re ESTATE OF Merle
M. ZIMMERMAN.

Ron KRUTZMAN and David Meinhardt,
Petitioners/Respondents,

v.

Joan ROBERTSON,
Respondent/Appellant.

No. 59080.

Missouri Court of Appeals,
Eastern District,
Division One.

Nov. 5, 1991.

Rehearing Denied Jan. 10, 1992.

---

Stephen M. Hereford, Wittner, Poger and Rosenblum, Clayton, for respondent/appellant.

David F. Sullivan, Springfield, John L. Sullivan, Edward M. Roth, Diann Johnson, St. Louis, for petitioners/respondents.

REINHARD, Presiding Judge.

Respondent below appeals from the judgment and orders of the probate division that found her in contempt, fined her, and sentenced her to jail for failure to comply with court orders. We affirm in part, reverse in part and remand.

Respondent originally sued petitioner Estate of Zimmerman (Estate) for expenses she alleged were due her for handling the funeral arrangements for decedent. Estate cross-claimed. On September 28, 1988, the judge of the probate division held that three joint bank accounts, including a checking account, a certificate of deposit, a "Prime Account" and certain municipal bonds held by respondent were the property of Estate. The court further held that respondent was not entitled to any reimbursement for funds expended by her from these jointly held assets on behalf of decedent.

On October 17, 1988, the judge of the probate division entered an order freezing all further withdrawals of principal or interest from the "Prime Account" at Mark

Twain Bank until the resolution of respondent's appeal of the September 28th order. In lieu of a higher appeal bond, respondent delivered to the probate division municipal bearer bonds with a face value of $19,000.

In *Robertson v. Estate of Zimmerman*, 778 S.W.2d 805 (Mo.App.1989), we upheld an order and judgment of the probate division with respect to the certificate of deposit, the "Prime Account" and the municipal bearer bonds held by respondent but reversed and remanded as to the ownership of a joint checking account. *Id.* at 810.

Following remand, petitioners filed a Motion for an Order to Show Cause. The motion alleged that respondent had delivered the municipal bearer bonds to the court pending appeal with $2,350 worth of interest coupons removed in violation of the September 28, 1988, order and judgment. The motion further alleged that $12,156 of accrued interest was withdrawn by respondent from the "Prime Account" on March 2, 1990 in direct contravention of the October 17, 1988, order.

On May 3, 1990, the motion was heard, argued and submitted to the court with both sides appearing by counsel. On May 29, 1990, the court entered a judgment of contempt against respondent. The judgment specifically found that respondent had violated the court's orders in both the alleged respects. The judgment gave respondent until June 19, 1990, to purge herself of contempt or be fined $100 per day and committed to the Warren County jail. In order to purge herself of contempt, respondent was required to take three actions:

1. Paying to the Estate the sum of $12,156.00 plus statutory interest at 9% per annum from March 2, 1990;

2. Paying to the Estate the sum of $2350.00 plus statutory interest at 9% per annum from the due date of each of the bond coupons ($502.92 as of May 1, 1990); and

3. Paying into the registry of the Court the sum of $1000.00 to be used to pay the attorneys [sic] fees of the Co-Personal Representatives in pursuing this Motion for Contempt. Fees will be allowed upon Motion and Order of this Court and any unused portion of the $1000.00 shall be remitted to Respondent free of execution.

On June 21, 1990, two days after the deadline for purging the contempt, the Sheriff of Warren County filed a return on execution issued against respondent for monies required to be repaid in the contempt judgment showing service without collection. On July 2, 1990, petitioners filed a motion for examination of judgment debtor.

On July 10, 1990, petitioners wrote the court alleging that respondent had not purged herself of contempt by June 19, 1990, as required in the May 29th contempt judgment. Petitioners requested that the court execute the judgment to enforce its terms.

On August 17, 1990, the court conducted the examination of judgment debtor and signed the warrant of commitment. During the course of these proceedings, the court stated that it had decided that the $100 per day fine contained in the judgment of contempt was excessive as a matter of law upon the facts of the case and purported to orally reduce it to $25 per day. The warrant of commitment read as follows:

WHEREAS, on the 29th day of May, 1990, respondent Joan Robertson was found in contempt of this Court and ordered committed to jail unless she purged herself of contempt by June 19, 1990, by the following actions:

1. Paying to the Estate the sum of $12,156.00 plus statutory interest at 9% per annum from March 2, 1990;

2. Paying to the Estate the sum of $2350.00 plus statutory interest at 9% per annum from the due date of certain bearer bond coupons (a total of $502.92 interest as of May 2, 1990); and

3. Paying into the registry of the Court the sum of $1000.00 to be used to pay attorneys [sic] fees of the Co-Personal Representatives in pursuing the Motion for Contempt; and

WHEREAS, REspondent [sic] has not purged herself of contempt,

Now, THEREFORE, you are commanded to attach the said Joan Robertson and commit her to the Warren County Jail until such time as she ˙pays the aforementioned sums to this Estate or until she be otherwise discharged according to law.

The warrant made no mention of the per diem fine.

Respondent paid an appeal bond and remains free pending the disposition of this appeal. Respondent appeals from the warrant of commitment.

On appeal, respondent's first point contends that:

The court erred in issuing its judgment of contempt and the later warrant of commitment for the reason that a civil contempt must be supported by evidence from which the court could make the findings of fact which would support finding the appellant in contempt. There is no evidence in the record which would support a finding of contempt.

■ The record reveals that a hearing on the motion for contempt was held May 3, 1990. On appeal, respondent failed to supply a transcript of that proceeding. As a result, we presume the evidence supported the trial court's finding. *In re Marriage of Horstmeier*, 690 S.W.2d 471, 472 (Mo.App. 1985); *Ex parte Neal*, 507 S.W.2d 674 at 678. Point denied.

■ Respondent next contends that:

The court, in its judgment of contempt, assessed a fine of $100.00 per day against appellants; this was erroneous for the reason that there was no showing that the fine bore any relation to the Respondents' damages and in any event the fine was not contained in the warrant of commitment and was later modified by the court.

Respondent has cited no case and we have found none standing for the proposition that a $100 per day fine in the context of a refusal to comply with an order to repay more than $14,000 is improper. A per diem fine is a proper method of coercing compliance with a court order regardless of whether it also serves a reimbursement or

punishment function. *Levis v. Markee*, 771 S.W.2d 928, 932 (Mo.App.1989).

■ Respondent's contention that the court modified the amount of the fine orally is also without merit. The fine was set forth in the judgment of contempt on May 29th. It became final under Rule 75.01 thirty days later. The court was thus without jurisdiction to modify it on August 17th.

■ We agree with respondent, however, that execution of the fine requires an order of commitment. *State ex rel. Burrell–El v. Autrey*, 752 S.W.2d 895, 899–900 (Mo.App.1988). The warrant of commitment in dispute did not contain the fine.

■ Respondent further argues that the warrant of commitment did not set forth with sufficient particularity the facts and circumstances which constitute contempt. *See Ex parte Brown*, 530 S.W.2d 228 (Mo. 1975). In a civil contempt case, *both* the contempt judgment and the order of commitment must set forth the facts and circumstances which constitute contempt. *Yalem v. Yalem*, 801 S.W.2d 439,441 (Mo. App.1990). *See* § 476.140, RSMo 1986. This requirement is jurisdictional in contempt cases. *Ex parte Neal*, 507 S.W.2d 674, 681 (Mo.App.1974).

■ The mere recital in an order or warrant of commitment of the existence of a judgment and its violation is not ordinarily sufficient recitation of the facts and circumstances constituting the contempt unless that judgment is expressly incorporated by reference. *Ex parte Ryan*, 607 S.W.2d 888, 893 (Mo.App.1980); *Ex parte Neal*, 507 S.W.2d at 680. *Compare Bewig v. Bewig*, 784 S.W.2d 823, 826 (Mo.App. 1990). The warrant here mentioned a judgment existed and the record indicates the judgment contained the specific facts and circumstances constituting contempt. However, the warrant did not expressly incorporate it by reference.

■ Finally, respondent contends that the portion of the judgment of contempt and warrant of commitment requiring the payment of $1,000 toward petitioners' attorney's fees is an improper condi-

tion for release because it was not part of the original judgment. Petitioners concede as much and we agree. In a civil contempt proceeding where imprisonment is ordered, an award of attorney's fees is permissible but payment of the fees cannot be a condition for purging the contempt order. *Saab v. Saab*, 637 S.W.2d 790, 793 (Mo.App. 1982).

The portions of the judgment of contempt finding respondent to be in contempt and ordering repayment of funds are affirmed. The portion requiring payment of attorney's fees arising out of the contempt proceeding as a condition of purging the contempt is reversed. The warrant of commitment is vacated. This cause is remanded for the court to impose a sentence in conformity with the law as discussed herein.

Affirmed in part; reversed in part; and remanded.

GARY M. GAERTNER and CRANE, JJ., concur.