STATE of Missouri, ex rel. Merlyn
BARTH, Petitioner,

v.

Honorable William CORRIGAN, and Cal-
zona Hall, Director, St. Louis County
Department of Justice Services, Respon-
dents.

No. 64893.

Missouri Court of Appeals,
Eastern District,
Writ Division Four.

Feb. 8, 1994.

Arthur S. Margulis, David R. Crosby, Mar-
gulis & Grant, P.C., Clayton, for petitioner.

Douglas B. Rudman, Eva C. Steinhubl,
Asst. County Counselors, Clayton, Lawrence
G. Gillespie, Eisen, Gillespie & Hilton, Web-
ster Groves, for respondents.

SMITH, Presiding Judge.

Petitioner, Merlyn Barth, seeks our writ of
*habeas corpus* contending his incarceration
for contempt of court is illegal. We agree
and order the writ to issue.

On October 22, 1993, the Honorable Wil-
liam Corrigan, Circuit Judge for the County
of St. Louis, ordered petitioner arrested and
confined in jail until he purged himself of
contempt. The basis of the warrant and
commitment order was petitioner's failure to
make maintenance payments to his ex-wife
pursuant to their Decree of Dissolution of
Marriage.

Petitioner alleges the judgment and com-
mitment order are facially invalid because
they merely state legal conclusions and do
not set forth facts and circumstances which
constitute contempt. The relevant language
of the judgment of contempt states, "Since
the entry of the Decree, Respondent has had
sufficient income and assets with which to
meet his maintenance obligation, or has vol-
untarily put himself in a position where he
cannot meet his maintenance obligation."
The commitment order stated that the con-
tempt was for "failing and refusing to pay".
It did not specify why that was contemptu-
ous.

Petitioner correctly notes the law
requires both the judgment and commitment
order to set forth facts and circumstances
which constitute contempt. *Yalem v. Yalem,*
801 S.W.2d 439 (Mo.App.1990) [5,6]. This

Court has repeatedly found language similar to that in the trial court's judgment of contempt to be legally insufficient. *Yalem v. Yalem, supra; Roark v. Roark,* 723 S.W.2d 439 (Mo.App.1986) [4]; *Hunt v. Moreland,* 697 S.W.2d 326 (Mo.App.1985) [1–3]. Specifically, the trial court failed to indicate which of the disjunctive acts (refusal to pay or placing himself in a position where he could not pay) petitioner was guilty of and if the latter, "[w]hether he divested himself of assets, voluntarily left employment, refused to seek employment, or whatever, and whether he did so intentionally for the purpose of frustrating enforcement of the court's order ..." *Hunt, supra,* at [1–3]. The failure to state with specificity what petitioner did or did not do renders the trial court's finding a mere conclusion insufficient to support the judgment or commitment order. The order of commitment is also indefinite as to what conduct of petitioner is sufficient to purge his contempt. The commitment order says "Petitioner is forthwith ordered committed to the St. Louis County Jail and shall remain incarcerated therein until such time as he has purged himself of this contempt as aforesaid." The contemptor must have the ability to purge himself to justify imprisonment for civil contempt. Otherwise the coercive purpose for civil contempt is frustrated as the contemptor has no key to the jailhouse door. *Hunt, supra,* at [5]. The order here tells neither petitioner nor his jailer what action on his part would constitute purging. And this is particularly inadequate when, as we have noted, the court does not delineate which of the disjunctive acts petitioner is guilty of. Obviously purging by one who has the money but refuses to pay is different from purging by one who denuded himself of assets and now cannot pay.

We recognize the potential inconsistency asserted by Judge Corrigan between the sufficiency of the evidence to support a finding of contempt and the requirement of specific findings in the judgment and commitment order. In *Ousley v. Ousley,* 693 S.W.2d 897 (Mo.App.1985) [2,3] it was stated:

> When a former spouse proves that the other has failed to make required payments under a dissolution, a *prima facie* case of contempt has been shown. The

other party then has the burden of proving inability to make the payments and that being in that position did not occur intentionally and contumaciously.

If no explanation is offered it may be difficult for the trial court to specify the ultimate facts upon which it bases its determination of contempt. But *Ousley, supra,* also recognized the requirement for specificity and remanded for entry of sufficient findings. We are dealing with imprisonment for an indefinite period and must require that both judgment and order of commitment contain sufficient factual findings to justify the imprisonment. The judgment and order of commitment before us do not meet that requirement.

The petition for writ of *habeas corpus* is granted. The writ is issued and petitioner is ordered discharged.

SIMON and KAROHL, JJ., concur.