Edwin BRUNS, III, Petitioner,

v.

Tom THOMAS, Sheriff of Platte County,
Judge Owens Lee Hull, Platte County
Circuit Court, Respondents.

No. WD 51929.

Missouri Court of Appeals,
Western District.

April 9, 1996.

Jay DeHardt, Kansas City, for Petitioner.

Linda Faye Turley Dycus, Kansas City, for Respondents.

Befor HANNA, P.J., and ULRICH and ELLIS, JJ.

## ORIGINAL PROCEEDING IN HABEAS CORPUS

HANNA, Presiding Judge.

Petitioner, Edwin R. Bruns, sought a writ of habeas corpus, asserting that his confinement in the custody of the Platte County Detention Center was illegal. The sole issue before us is the legality of Mr. Bruns' detention, specifically whether his imprisonment was pursuant to a legally sufficient judgment of contempt and warrant of commitment. We find that it was not and order Mr. Bruns discharged.

In June 1994, Mr. Bruns filed a petition for dissolution of marriage and Ms. Bruns filed her answer and counter petition. On August 12, 1994, the Circuit Court of Platte County entered an order pendente lite requiring Mr. Bruns to pay $1600 per month in child support and $950 per month in maintenance.

The parties' marriage was dissolved on March 7, 1995. The decree of dissolution ordered Mr. Bruns to pay child support in

the amount of $1175 per month and maintenance in the amount of $1000 per month.

In July 1995, Ms. Bruns filed a Motion for Show Cause Order, in which she alleged that Mr. Bruns had violated the order pendente lite and dissolution decree. A show cause hearing was held on November 9, 1995, to determine whether to hold Mr. Bruns in contempt for failure to make maintenance and child support payments. At the conclusion of the hearing, the court found that Mr. Bruns owed $3025 in child support and $5100 in maintenance. The court further found that Mr. Bruns had knowledge of the court orders, had the ability to pay, and had contumaciously, knowingly, and voluntarily refused to pay the owed amounts.

The court then ordered Mr. Bruns committed to the Platte County Jail until he purged himself of the contempt order by paying the $8125 he owed for child support and maintenance, plus court costs of $108.75. As of the date Mr. Bruns was taken into custody, the only record of his contempt was a docket entry, which set forth the above legal conclusions.

At the November 9, 1995 hearing, the court ordered Ms. Bruns' attorney to "draw the appropriate order." This order was filed on November 21, 1995, twelve days after Mr. Bruns was incarcerated. This order stated that Mr. Bruns owed $8125 and that he "had full knowledge and ability to pay the amount of child support and maintenance ordered." It further stated that Mr. Bruns had the present ability to comply with the court orders but intentionally failed to do so or placed himself in a position that prevented him from complying. Finally, the order directed that Mr. Bruns be committed to the Sheriff of Platte County until he purged himself of the contempt by making the required payment in the amount of $8,233.75.

Mr. Bruns filed his application for a writ of habeas corpus on November 22, 1995. On the same date we issued an order to show cause why the writ should not issue. Subsequently, we ordered Mr. Bruns released from custody on bond and established a schedule for briefing. Mr. Bruns contends in his brief that the imprisonment was illegal because neither a legally sufficient judgment of contempt nor a warrant of commitment accompanied his incarceration. He further argues that the order that was subsequently filed, twelve days after his commitment, was insufficient because it merely stated legal conclusions. The respondent judge has not filed a brief in this matter.

█ A commitment that is not supported by a judgment of contempt is invalid. *State ex rel. Nesser v. Pennoyer*, 887 S.W.2d 394, 396 (Mo. banc 1994). Furthermore, in a civil contempt case, both the judgment of contempt and the order of commitment must set forth the facts and circumstances that constitute the contempt. *Roark v. Roark*, 723 S.W.2d 439, 441 (Mo.App.1986). A judgment or commitment order in a contempt proceeding that fails to set forth the facts and circumstances constituting the offense, but merely states legal conclusions, cannot stand. *Id.*

█ A significant problem here is the lack of a formal judgment of contempt and warrant of commitment entered into the court's record on November 9, 1995, the date Mr. Bruns was taken into custody. In his suggestions in opposition to the petition for the writ of habeas corpus, the Honorable Owens Lee Hull, Jr. argued that he entered a specific judgment of contempt and warrant of commitment from the bench.

"Although it would be possible for the court to dictate into the record the content of a judgment of contempt and order of commitment from the bench, assuming the written record appropriately showed entry of judgment accordingly, the same care to include all necessary elements of the judgment and order must be exercised as is employed in drafting a recorded entry." *Simmons v. Megerman*, 742 S.W.2d 202, 205 (Mo.App. 1987). Attempts to announce such a judgment extemporaneously will usually be unsatisfactory. *Id.* We find that the court's extemporaneous judgment and the November 9, 1995 entry into the court's docket reflecting this judgment were facially insufficient to support Mr. Bruns' commitment.

At the conclusion of the hearing, the court found that Mr. Bruns owed $3025 in child support and $5100 in maintenance. The

court then stated that Mr. Bruns "had knowledge of those orders of this Court, had the ability to pay and has contumaciously, knowingly and voluntarily refused to pay those amounts as previously ordered by this Court."

In *Hunt v. Moreland,* 697 S.W.2d 326, 328 (Mo.App.1985), the judgment and warrant of commitment at issue stated "that petitioner has since 4/1/85 contumaciously placed himself in a position so that he cannot pay said child support awards." The court stated:

> Whether he divested himself of assets, voluntarily left employment, refused to seek employment, or whatever, and whether he did so intentionally for the purpose of frustrating enforcement of the court's order is not stated.

*Id.* The court found that this failure to set forth with particularity what the petitioner did or did not do rendered the trial court's finding a mere conclusion, insufficient to support the order of commitment. *Id.*

The same result was reached in *Roark v. Roark,* 723 S.W.2d 439 (Mo.App.1986). In *Roark,* after determining the amount of arrearages, the order of commitment stated that, with actual knowledge of the court's order, the respondent "knowingly, purposefully, contumaciously and willfully failed and refused to pay the amounts as aforesaid." *Id.* at 441. The court held that the judgment of contempt and commitment order stated only conclusions, not facts, and were, therefore, facially insufficient. *Id.*

As in *Hunt* and *Roark,* the court's findings here stated mere conclusions and failed to set forth the facts and conclusions constituting the offense. The court's extemporaneous judgment did not constitute a judgment of contempt and warrant of commitment. It failed to set forth with particularity what Mr. Bruns did or did not do. It rendered the trial court's findings merely conclusory and insufficient to support his commitment. *Hunt,* 697 S.W.2d at 328. The findings of the court here were the exact same findings found to be conclusory by the court in *Roark,* 723 S.W.2d at 441. Finally, the purported judgment and order were insufficient because they were not signed by the judge. *Simmons,* 742 S.W.2d at 205. Neither a legally sufficient judgment of contempt nor a warrant of commitment was entered on November 9, 1995, to support Mr. Bruns' incarceration.

■ The order filed on November 21, 1995, does not change our result. This formal judgment of contempt provided no basis for the confinement of Mr. Bruns twelve days earlier. *Id.* We need not discuss the sufficiency of this judgment, which was filed too late to support Mr. Bruns' commitment.

The petition for writ of habeas corpus is granted. The writ is issued and Mr. Bruns is ordered discharged.

ULRICH and ELLIS, JJ. concur.