Diana **TIMMONS**, Respondent,

v.

Edward **TIMMONS**, Appellant.

No. WD 62262.

Missouri Court of Appeals, Western District.

July 30, 2004.

Bruce R. Anderson, Kansas City, MO, for appellant.

John R. Shank, Jr., Kansas City, MO, for respondent.

Before ELLIS, C.J., BRECKENRIDGE and HOWARD, JJ.

PATRICIA BRECKENRIDGE, Judge.

Edward E. Timmons (Husband) appeals the trial court's judgment finding him in contempt of the child support and maintenance provisions of the judgment dissolving his marriage to Diana C. Timmons (Wife). Husband raises four points on appeal. First, Husband argues that the court erred in finding him in contempt because the child support and maintenance awards of the dissolution judgment were facially void and, therefore, unenforceable. Second, he contends that the court erred in executing a warrant for his commitment because the warrant was legally insufficient. Third, he claims the court erred in

denying his motion to terminate the income withholding because the invalidity of the child support and maintenance awards in the dissolution judgment constituted good cause to terminate the withholding. Fourth, he argues that the court erred in ordering him to contribute to Wife's attorney's fees.

This court finds that, while the child support and maintenance awards were erroneous, they were not void and were enforceable until this court reversed them on appeal. Therefore, the court did not err in denying Husband's motion to terminate the income withholding. Further, this court finds that the warrant of commitment was sufficient, and the trial court did not abuse its discretion in ordering Husband to contribute to Wife's attorney's fees. The judgment is affirmed.

### Factual and Procedural Background

The marriage of Husband and Wife was dissolved on May 13, 2002. In the dissolution judgment, the trial court ordered, *inter alia,* Husband to pay $600 per month in child support, beginning May 1, 2002; retroactive child support in the amount of $5576; $300 per month in modifiable maintenance, beginning May 1, 2002; and $1000 towards Wife's attorney's fees.

On August 6, 2002, Wife filed a motion for contempt. In the motion, she alleged that Husband had paid no maintenance, no attorney's fees, and only $448 per month in child support. Wife further alleged that she had incurred attorney's fees in prosecuting the action.

On October 2, 2002, Husband filed a motion seeking an order emancipating one of the children and modifying his child support obligation in light of the emancipation. Two weeks later, Wife filed a motion for maintenance, child support and attorney's fees pendente lite; a motion to require Husband to post security for costs;

and a motion for temporary attorney's fees pendente lite. On October 22, 2002, Wife applied to effect withholding of Husband's income to satisfy his ongoing child support obligation of $600 per month and his ongoing maintenance obligation of $300 per month. Wife also sought to effect withholding of an additional $450 per month to pay down the $8736 arrearage. A notice of withholding was issued, directing Husband's employer to withhold a total of $1350 per month from Husband's income.

Husband subsequently applied for a waiver of the supersedeas bond and a stay of execution of portions of the dissolution judgment pending resolution of his appeal of the judgment. In particular, Husband requested that the trial court stay execution of those provisions of the judgment ordering him to pay child support in excess of $448 per month; retroactive child support in the amount of $5576; $300 per month for modifiable maintenance; and $1000 towards Wife's attorney's fees. The trial court denied Husband's request to waive the supersedeas bond and set the bond at $10,000. Husband then filed a motion to terminate the income withholding.

The trial court assigned the case to the family court commissioner, who held a hearing on Wife's motion for contempt, her motion to require security for costs, her motion for attorney's fees pendente lite, and her motion for attorney's fees regarding Husband's motion to modify his child support obligation due to the alleged emancipation of one of the children. The commissioner also heard Husband's motion to terminate wage withholding. Husband and Wife testified during the hearing.

The commissioner subsequently submitted proposed findings and recommendations to the circuit court. The commissioner found that Husband was

"delinquent, without good cause, in the payment of $1,064.00 of his child support obligation, $2,700.00 of his maintenance obligation, and the payment of $1,000.00 as and for partial attorney fees, all as ordered to be paid in the trial court's Decree of Dissolution dated May 15[sic][1], 2002." The commissioner further found that Husband's actions were "willful, wanton and in total disregard of the trial court's Order of May 15[sic], 2002, such that [he] should be held in contempt of court." Additionally, the commissioner noted that Husband had failed to pay the $10,000 supersedeas bond the court had established.

The commissioner recommended that Husband be ordered to immediately purge himself of the contempt by paying Wife $1064 in child support, $2700 in maintenance, and $1000 for attorney's fees. The commissioner also found, *inter alia,* that Husband was capable of paying and contributing $3500 to Wife for partial attorney's fees pendente lite "to afford [Wife] the opportunity to defend herself in the Appeal filed by [Husband]." The commissioner recommended ordering Husband to pay Wife that amount. The commissioner further recommended denying Husband's motion to terminate income withholding.

The circuit court denied Husband's motion for rehearing and, on December 17, 2002, adopted and confirmed the commissioner's findings and recommendations. On December 18, 2002, the court entered a warrant for commitment, and Husband was taken into custody. Husband was released from custody on December 23, 2002, after posting bond. This appeal followed.

### Standard of Review

"A trial court's judgment in a civil contempt proceeding will not be disturbed on appeal absent a clear abuse of discretion." *Lyons v. Sloop,* 40 S.W.3d 1, 10 (Mo.App. 2001). This court will affirm the judgment unless there is no substantial evidence to support the decision, the decision is against the weight of the evidence, or the decision erroneously declares or applies the law. *Murphy v. Carron,* 536 S.W.2d 30, 32 (Mo. banc 1976).

### Child Support and Maintenance Awards Erroneous But Not Void

■ In his first point, Husband claims that the trial court erred in finding him in contempt because the child support and maintenance awards in the dissolution judgment were facially void and unenforceable. Specifically, he argues that child support and maintenance were incorrectly calculated in that the trial court rejected the parties' Form 14s but failed to prepare its own Form 14, and the trial court determined the child support amount before determining the maintenance amount. He contends that because these errors were plain from the face of the judgment, the child support and maintenance awards were void and unenforceable, and he could not "reasonably or justly be found in contempt of those provisions."

This court agreed with Husband that the child support and maintenance awards appeared to have been erroneously calculated. In *Timmons v. Timmons,* 132 S.W.3d 906, 913 (Mo.App.2004), this court found that, after the trial court rejected the parties' Form 14 worksheets, the record did "not clearly indicate how the trial court calculated its child support amount." Moreover, this court noted that it was unclear from the record whether the court included the children's extraordinary expenses in its child support calculation or

---

1.  The actual date of the dissolution judgment was May 13, 2002.

used them as a basis for rebuttal. *Id.* at 912. Additionally, the judgment indicated that the trial court had incorrectly calculated the child support award before calculating the maintenance award. *Id.* Because of these errors, this court reversed the child support and maintenance awards and remanded them to the trial court for reconsideration. *Id.* at 919.

▬ The issue, then, is whether these errors rendered the judgment void. "A judgment is void if the 'court that rendered judgment lacked jurisdiction of the subject matter, or of the parties, or acted in a manner inconsistent with due process.'" *Taylor v. Taylor,* 47 S.W.3d 377, 385 (Mo.App.2001) (citations omitted). None of the errors implicated personal jurisdiction, subject matter jurisdiction, or due process. Thus, while the errors alleged by Husband and found by this court rendered the judgment erroneous, they did not render the judgment void.

▬ Nevertheless, Husband asserted these errors as a defense in the contempt proceeding. Husband argued that his failure to comply with the judgment and pay child support and maintenance as ordered was justified in light of these errors. Where the court has jurisdiction over the parties and the subject matter, however, the judgment rendered, "unless reversed or annulled in some proper proceeding, is not open to contradiction or impeachment in respect to its validity or binding effect in any collateral proceeding." *La Presto v. La Presto,* 285 S.W.2d 568, 570 (Mo. 1955). "'"A collateral attack is an attempt to impeach a judgment in a proceeding not instituted for the express purpose of annulling the judgment."'" *Lyons,* 40 S.W.3d at 9 n. 4 (citations omitted). The contempt proceeding was instituted for the express purpose of enforcing the judgment, not annulling it. Because the errors in the child support and maintenance awards did not implicate personal or subject matter jurisdiction, Husband's reliance on these errors as a defense in the contempt proceeding amounted to an impermissible collateral attack on the dissolution judgment. The dissolution judgment was not open to contradiction or impeachment in the contempt proceeding and, therefore, remained valid and enforceable until this court reversed the child support and maintenance awards on direct appeal.

The law provided Husband a mechanism to delay execution of the judgment while his direct appeal was pending. Although Wife's right to execute the judgment accrued immediately upon entry of the judgment, Husband could have stayed execution by filing a supersedeas bond. Rule 81.09(a); *Homfeld v. Homfeld,* 954 S.W.2d 617, 623 (Mo.App.1997). After denying Husband's application for a waiver of the supersedeas bond and a stay of execution of the judgment, the trial court established a supersedeas bond in the amount of $10,000. Husband chose not to pay the supersedeas bond. Without a stay of execution in place, Wife had a right to have the original judgment enforced until this court reversed it on appeal.[2] As Husband does not dispute that he failed to abide by the child support and maintenance awards in the judgment, the court properly found him in contempt: Husband's first point is denied.

---

2. It should be noted that, if Husband had paid child support and maintenance during the pendency of the appeal and, on remand following this court's reversal of the original judgment, the trial court determined that the child support and maintenance amounts were less, the new awards would have been retroactively applied and Husband would have been entitled to restitution of any overpayment. *Clarke v. Clarke,* 983 S.W.2d 192, 194 (Mo.App.1998); *In re Marriage of Cook,* 663 S.W.2d 789, 790 (Mo.App.1984).

### Warrant for Commitment Sufficient

In his second point, Husband argues that the court erred in executing the warrant for his commitment because the warrant failed to set forth, with particularity, the facts and circumstances that constituted the contempt. "In cases of contempt, the order of commitment must delineate the factual basis for the finding of contempt." *State ex rel. Nesser v. Pennoyer*, 887 S.W.2d 394, 396 (Mo. banc 1994). A warrant for commitment "that fails to set forth the facts and circumstances constituting the offense, but merely states legal conclusions, cannot stand." *Bruns v. Thomas*, 919 S.W.2d 302, 303 (Mo.App.1996). This court has held that, "to support an order of commitment, a trial court must make a finding that the contemnor has the present ability to purge himself of the contempt and thereby has the key to the jailhouse door." *Lyons*, 40 S.W.3d at 12.

In the warrant for commitment, the trial court found that Husband "has been and is financially able to make the required payments, and has the present financial ability to satisfy the arrearage or can obtain the means by which the arrearage could be satisfied." The court further found that there was no evidence indicating that Husband intended to comply with the dissolution judgment.

In addition to these findings, the court expressly incorporated the terms of the contempt judgment, which is permissible. *See In re Estate of Zimmerman*, 820 S.W.2d 617, 620 (Mo.App.1991). In the contempt judgment, the court specifically found Husband's testimony during the contempt hearing not credible. Husband had testified that, since the entry of the dissolution judgment, he had involuntarily lost his job, was forced to take a lower-paying job, and was having difficulties paying his own living expenses. The court further found that Husband's current level of income was "substantially the same as at the time of the dissolution of marriage." Findings indicating that Husband's financial condition was substantially the same as it was at the time the dissolution judgment was entered, when the trial court considered Husband's financial condition in making the awards, are sufficiently specific and support the conclusion that Husband did have and presently has the ability to purge himself of the contempt. The warrant for commitment was sufficient. Husband's second point is denied.

### No Error in Denying Request to Terminate Income Withholding

In his third point, Husband contends that the trial court erred in denying his motion to terminate the income withholding. Section 452.350.11 provides that an income withholding may be terminated "for good cause shown." Similar to the argument in his first point, he argues in this point that the errors in calculating the child support and maintenance awards made the awards "facially void and unenforceable" and, therefore, constituted good cause for terminating the income withholding. As this court stated in discussing his first point, however, the errors did not render the child support and maintenance awards void. Moreover, because Husband failed to pay the supersedeas bond while his appeal was pending, the awards were enforceable until this court reversed them on appeal. The court did not err in denying Husband's request to terminate income withholding. Husband's third point is denied.

### No Error in Ordering Contribution Toward Wife's Attorney's Fees

In his fourth point, Husband argues that the trial court erred in ordering

him to contribute toward Wife's attorney's fees. In the contempt judgment, the trial court ordered Husband to contribute $3500 toward Wife's attorney's fees pendente lite concerning Husband's appeal of the dissolution judgment.

■■■ The trial court has the authority to order attorney's fees incurred on appeal, even while the appeal is pending. *Hatchette v. Hatchette*, 57 S.W.3d 884, 893 (Mo.App.2001). In making such an award, the trial court must consider all relevant factors, "including the financial resources of both parties, the merits of the case and the actions of the parties during the pendency of the action." Section 452.355.1. The trial court has considerable discretion in awarding attorney's fees, and the award will be reversed only upon a showing of abuse of discretion. *Hatchette*, 57 S.W.3d at 893.

■■■ Husband contends the court abused its discretion in this case because Wife's income exceeds his and he lacks the financial resources to pay. In determining whether to award attorney's fees, however, the trial court "may consider all relevant factors" and "is not limited to solely the financial resources of the parties." *Sola v. Bidwell*, 980 S.W.2d 60, 66 (Mo.App.1998). "The court may also consider the extent to which the conduct of one spouse required the other spouse to expend funds on attorney's fees." *Taylor v. Taylor*, 12 S.W.3d 340, 348 (Mo.App.2000).

While the testimony from the contempt hearing showed that Wife's income exceeded Husband's gross weekly income of $552.85 from his job where he worked from five to thirteen hours a day, it was only because Wife worked two jobs. Wife worked full-time operating a daycare center out of her home from 6:45 A.M. to 5:00 P.M., for which she received $600 per week in gross income. She also worked twenty-four to thirty hours per week at a grocery store on weeknights and on weekends, earning a gross salary of $7.10 per hour. While her gross income from these two jobs was greater than Husband's, deductions for taxes and business expenses significantly reduced her income.

Moreover, while Husband's appeal from the dissolution judgment was pending, Wife received from Husband no maintenance, no payments on the retroactive child support award, no attorney's fees, and less than the child support awarded. Wife testified she had to borrow money from her father to pay her attorney, and she was behind in her payments. Husband, on the other hand, was current in paying his attorney's fees up to the dissolution trial. Although Husband had not paid his attorney's fees for the trial or any of the proceedings since the trial, he testified that he and his attorney agreed that counsel would work for "nothing" until, "in the future someday," they agreed on a reasonable fee. Additionally, while Husband testified that he was having financial difficulties paying his expenses, the trial court specifically stated that it found Husband not credible. The trial court did not abuse its discretion in ordering Husband to pay $3500 toward Wife's attorney's fees on appeal. Husband's fourth point is denied.

The judgment is affirmed.

All concur.