

# MISSOURI COURT OF APPEALS
## WESTERN DISTRICT

| | | |
|---|---|---|
| DAVID DODSON AND CHRISTINA DODSON, | ) ) ) | WD86085 |
| Respondents, | ) ) | OPINION FILED: |
| v. | ) ) | December 19, 2023 |
| JONATHAN ALDRICH, | ) ) | |
| Appellant. | ) ) ) | |

**Appeal from the Circuit Court of Johnson County, Missouri**
**Honorable Kaitlyn Alexandra Roach, Judge**

**Before Division Two: Janet Sutton, Presiding Judge,**
**Alok Ahuja, Judge, and Mark D. Pfeiffer, Judge**

Jonathan Aldrich (Aldrich) appeals the Johnson County Court's judgment quieting title

and decreeing the Dodsons the lawful fee simple owners of property sold pursuant to an

execution application and order. We cannot review Aldrich's appeal on the merits, however,

because Aldrich's brief fails to comply with Rule 84.04's mandatory and straightforward

requirements governing appellate briefs.[1] We dismiss the appeal.

---

[1] Unless otherwise indicated, all statutory references are to the Revised Statutes of Missouri 2016, and all rule references are to the Missouri Supreme Court Rules 2023.

**Factual and Procedural Background**

In June 2020, a trial court dissolved the marriage of Jonathan Aldrich (Aldrich) and Christina Dodson and this Court affirmed the dissolution judgment on appeal in November 2021. *See Aldrich v. Aldrich*, 637 S.W.3d 485 (Mo. App. W.D. 2021). After the judgment was affirmed on appeal, Christina Dodson filed an Execution Application and Order in March 2022 to collect a $215,786.92[2] property equalization payment from Aldrich as awarded her in the judgment of dissolution, which remained unpaid. To collect this debt, the Execution Application was to levy on and sell the couple's former home that had been awarded to Aldrich in the dissolution judgment.

The Johnson County Circuit Clerk's office delivered the execution to a Johnson County Sheriff who made his return and levy on March 3, 2022. A return of levy and notice of exemptions were also mailed to Aldrich that same day. On April 6, 2022, Christina Dodson's attorney notified Aldrich that "pursuant to Rule 76.17 of the Missouri Rules of Civil Procedure your interest in the following described real property which has been levied upon will be sold on the 19th day of May 2022 at 1:30 p.m. . . . " and public notice was given. Aldrich was the successful bidder at the May 19 property sale, but failed to pay the purchase price as required. The property resale was then scheduled for June 29, 2022, and new notices were sent.

On June 29, the property was resold by sheriff's sale and, this time, David Dodson was the successful bidder. David Dodson was then issued a Sheriff's Deed upon payment of funds to the Court. On October 11, 2022, David and Christina Dodson (the Dodsons) filed their Quiet Title action and, after a hearing, at which Aldrich appeared, the trial court entered judgment in

---

[2] Aldrich was ordered to pay a property equalization payment of $187,417.69 in the dissolution judgment. The March 2022 Execution Application and Order added $28,326.73 in post-judgment interest and a $42.50 service fee for the total amount due of $215,786.92.

the Dodsons favor.

Aldrich appeals.

**Legal Analysis**

Aldrich's brief fails to substantially comply with Rule 84.04, and, thus, we cannot review the merits of his appeal. "Rule 84.04 plainly sets forth the required contents of briefs filed in all appellate courts," and its requirements are mandatory. *Lexow v. Boeing Co.*, 643 S.W.3d 501, 505 (Mo. banc 2022). "Although this Court prefers to reach the merits of a case, excusing technical deficiencies in a brief, it will not consider a brief so deficient that it fails to give notice to this Court and to the other parties as to the issue presented on appeal." *Hicks v. Northland-Smithville*, 655 S.W.3d 641, 646 (Mo. App. W.D. 2022) (quoting *Lexow*, 643 S.W.3d at 505) (internal quotation omitted).

Compliance with Rule 84.04 guarantees "that appellate courts do not become 'advocates by speculating on facts and on arguments that have not been made.'" *R.M. v. King*, 671 S.W.3d 394, 397 (Mo. App. W.D. 2023) (quoting *Hoover v. Hoover*, 581 S.W.3d 638, 640 (Mo. App. W.D. 2019)).

> We prefer to decide an appeal on the merits where the disposition is not hampered by rule violations and we can readily understand the argument. However, when a brief contains such deficiencies that affect our ability to understand and adequately address the claims of error, the brief preserves nothing for review. The failure to substantially comply with Rule 84.04's requirements preserves nothing for our review and is grounds for dismissing the appeal.

*Id.* (internal citations and quotations omitted). "Judicial impartiality, judicial economy, and fairness to all parties necessitates that we do not grant *pro se* litigants preferential treatment with regard to their compliance with those procedural rules." *Id.* (quoting *Deere v. Deere*, 627 S.W.3d 604, 607 (Mo. App. W.D. 2021)).

This Court already struck Aldrich's first brief for noncompliance with Rule 84.04 in July

3

2023. Per our order, Aldrich's brief was struck because:

> (1) [T]he [p]oint [r]elied [o]n is not in compliance with the specific requirements of Rule 84.04(d); and (2) the point relied on is not restated at the beginning of the section of the argument discussing that point, the argument does not include a concise statement of the applicable standard of review for each claim of error, and the argument does not include a statement describing whether the error was preserved for appellate review and if so how it was preserved all as required by Rule 84.04(e).

Aldrich filed an amended brief that the Dodsons argue is also noncompliant with Rule 84.04. We agree with the Dodsons that Aldrich's amended brief fails to comply with Rule 84.04's briefing requirements to such an extent we cannot reach the merits of his appeal. Aldrich's point relied on fails to follow Rule 84.04(d)'s formula, his brief fails to state the applicable standard of review, and, crucially, as we stated in our July 2023 strike brief order, Aldrich's brief still "does not include a statement describing whether the error was preserved for appellate review and if so how it was preserved all as required by Rule 84.04(e)."

### Aldrich's Point Relied On

Aldrich's point relied on fails to comply with Rule 84.04(d). Points relied on are central to the formation of a brief. *Lexow*, 643 S.W.3d at 505. Rule 84.04 requires that points relied on "(A) Identify the trial court ruling or action that the appellant challenges; (B) State concisely the legal reasons for the appellant's claim of reversible error; and (C) Explain in summary fashion why, in the context of the case, those legal reasons support the claim of reversible error." Rule 84.04(d)(1). When appealing a trial court's decision, points relied on shall substantially follow the form: "The trial court erred in [identify the challenged ruling or action], because [state the legal reasons for the claim of reversible error], in that [explain why the legal reasons, in the context of the case, support the claim of reversible error]." *Id.* Notably, "Abstract statements of law, standing alone, do not comply with this rule." Rule 84.04(d)(4).

4

"A deficient point relied on requires the respondent and appellate court to search the remainder of the brief to discern the appellant's assertion and, beyond causing a waste of resources, risks the appellant's argument being understood or framed in an unintended manner." *Hicks*, 655 S.W.3d at 646 (quoting *Lexow*, 643 S.W.3d at 505). We cannot consider a point relied on where "we would have to essentially guess what the point is and then sift through the legal file in an attempt to find support for the perceived point." *Acton v. Rahn*, 611 S.W.3d 897, 902 (Mo. App. W.D. 2020).

Aldrich's point relied on reads as follows:

The trial court erred in this matter by issuing its Judgment Entry Quieting title in Case No. 22JO-CC00272 in favor of David Dodson and Christina Dodson filed on February 9, 2023 because the 17th Judicial Court accepted evidence that a proper sheriffs sale of the Petitioners property was authorized by a Writ of Execution that had been issued by the Clerk of the 17th Judicial District Court when in fact NO Writ of Execution had been issued by the Clerk of the 17th Judicial District Court, therefore, no due process was allowed Petitioner violating the 14th Amendment of the Constitution of the United States, Mo Const Art 1, §10, and Mo Rev Stat § 57.100. The Petitioner requests this Appellate Court reverse the Trial Courts decision in this matter. This action operated to deny Petitioner his due process under the 14th Amendment to the Constitution of the United States (See AP-A6 & A7) and violated Mo Rev Stat § 57.100. See AP-A7. The trial court's decision is reversible because decisions that are made by Courts that are contrary to the Constitution of the United States, the Missouri Constitution, and Missouri statutes are reversible by this Appellate Court.

Not only does Aldrich's point relied on fail to follow Rule 84.04(d)'s prescribed formula, his statements of law are so abstract we cannot discern the legal reasons he is claiming as reversible error.

Aldrich relies on three primary legal authorities justifying reversal in his point relied on: the Fourteenth Amendment to the United States Constitution, the Missouri Constitution Article 1, Section 10, and Section 57.100 RSMo. Section 57.100 applies to the general duties of the sheriff, stating, "Every sheriff shall . . . execute all process directed to him by legal authority,

including writs of replevin, attachments and final process issued by circuit and associate circuit judges." § 57.100.1. Aldrich does not state how this statute supports his claim of reversible error. Likewise, while Aldrich relies on federal Constitutional and Missouri State Constitutional Due Process, again, he does not state how either supports his claim of reversible error. Worse, Aldrich's claim of reversible error is only that "The trial court's decision is reversible because decisions that are made by Courts that are contrary to the Constitution of the United States, the Missouri Constitution, and Missouri statutes are reversible by this Appellate Court."

By citing only general legal authority and without any specific explanation as to why we should reverse the trial court's judgment quieting title, we would have to essentially guess the legal reason for Aldrich's claim of reversible error and why such legal reason, in the context of the case, supports his claim. *See Acton*, 611 S.W.3d at 902.

We cannot discern Aldrich's claim of wherein and why the trial court erred. Aldrich's point relied on fails to comply with Rule 84.04(d), necessitating dismissal of the appeal.

### *Aldrich's Argument*

"First and foremost, an appellant's argument section 'should demonstrate how principles of law and the facts of the case interact.'" *Pickett v. Bostwick*, 667 S.W.3d 653, 661 (Mo. App. W.D. 2023) (quoting *Acton*, 611 S.W.3d at 902); *see Hicks*, 655 S.W.3d at 649 (citation omitted). "The section 'must explain why, in the context of the case, the law supports the claim of reversible error.'" *Pickett*, 667 S.W.3d at 661 (quoting *Hicks*, 655 S.W.3d at 649). Rule 84.04(e) provides, in relevant part:

> The argument shall substantially follow the order of "Points Relied On." The point relied on shall be restated at the beginning of the section of the argument discussing that point. The argument shall be limited to those errors included in the "Points Relied On." For each claim of error, the argument shall also include a concise statement describing whether the error was preserved for appellate review; if so, how it was preserved; and the applicable standard of review.

6

"Notably, an appellant's arguments must not 'merely rest on broad brush strokes which generalize their complaints with the trial court's actions without specifying *why* the trial court was in error or *what* the trial court should have considered.'" *Pickett*, 667 S.W.3d at 661 (quoting *Sharp v. All-N-One Plumbing*, 612 S.W.3d 240, 245 (Mo. App. W.D. 2020)). "When an appellant fails to support contentions with relevant law and analysis beyond conclusory statements, we deem the point abandoned." *Id.* (quoting *Wallace v. Frazier*, 546 S.W.3d 624, 628 (Mo. App. W.D. 2018)); *see Acton*, 611 S.W.3d at 902 ("Mere conclusions and the failure to develop an argument with support from legal authority preserves nothing for review."). Further, "[i]t is not our duty or responsibility to spend judicial time searching through the argument portions of briefs in an attempt to interpret the thrust of [Appellants'] contentions." *Maxwell v. Div. of Emp. Sec.*, 671 S.W.3d 742, 750 (Mo. App. W.D. 2023) (internal quotation marks and citation omitted).

First, Aldrich fails to restate his entire point relied on at the beginning of his argument as required by Rule 84.04(e), despite having been warned in this Court's July 2023 strike brief order.

Second, Aldrich fails to include a concise statement describing whether the error was preserved and how the error was preserved for our review under Rule 84.04(e). Aldrich says only that "[t]his error was preserved in the CT page 30, Line 3–5" and, "[t]his error is reviewable under Supreme Court Rule 84.13 (b) and (c) and the standard of review is Supreme Court Rule 84.13 (d) (1), (2), & (3)."

While Rule 84.13 is the general rule for appellate review of cases tried without a jury or with an advisory jury, merely citing this rule does not direct the Court as to how this specific case is reviewable. *See* Rule 84.13. "Mere conclusions and the failure to develop an argument

7

with support from legal authority preserve nothing for review." *Wallace*, 546 S.W.3d at 628 (citation omitted).

Again, this Court's July 2023 order striking Aldrich's initial brief notified Aldrich that "the argument does not include a statement describing whether the error was preserved for appellate review and if so how it was preserved all as required by Rule 84.04(e)." Yet, Aldrich made no changes after this Court struck his initial brief. It is not this Court's duty to demonstrate appellant's argument is properly preserved for our review. *See Hendrix v. City of St. Louis*, 636 S.W.3d 889, 897 (Mo. App. E.D. 2021) ("It is not this [C]ourt's duty to supplement a deficient brief with its own research, to comb the record in search of facts to support an appellant's claim of error, or demonstrate it is properly preserved for appellate review."). Aldrich's preservation statement remains noncompliant with Rule 84.04(e).

Finally, Aldrich fails to "provide appropriate analytical support for [his] claims of reversible error" and his argument does not "clarify the grounds on which [he] claims reversible error." *Hicks*, 655 S.W.3d at 649. Aldrich's argument is so unsupported by relevant authority that it failed to give sufficient notice to the Dodsons of the issues on appeal. As the Dodsons noted in their response brief, "[Aldrich] attacks the execution sale and sheriff's deed on the basis of requirements not existing in the rules." Further:

> [Aldrich] cites no legal authority for his allegations that the execution and levy were deficient, other than generalized references to the Missouri and U.S. Constitutions. He provides not a single case nor citation to [a] Supreme Court Rule to support his claim of error. The only authority cited is Section 57.100 RSMo. The action challenged, however, took place under Rule 76.

We find Aldrich's argument does not "clearly state 'wherein and why' the trial court erred" as to "present a readily understandable argument sufficient 'to give notice to the opposing party of the precise matters which must be contended with and to inform the court of the issues

8

presented for review.'" *Id.* at 649–50 (quoting *Lexow*, 643 S.W.3d at 505). To discern Aldrich's argument, we would impermissibly become "advocates by speculating on facts and on arguments that have not been made." *King*, 671 S.W.3d at 397 (quoting *Hoover*, 581 S.W.3d at 640).

It appears Aldrich's argument is an improper collateral attack on the writ of execution issued in the dissolution case. "A collateral attack is an attempt to impeach a judgment in a proceeding not instituted for the express purpose of annulling the judgment." *Timmons v. Timmons*, 139 S.W.3d 625, 629 (Mo. App. W.D. 2004) (quotation marks and citation omitted). From what we can discern, Aldrich appears to complain not about the judgment quieting title, but about the underlying writ of execution levying on and selling the property awarded Aldrich in the judgment of dissolution. Aldrich failed to contest the writ of execution when it issued in the dissolution case. If Aldrich believed the writ of execution was inadequate, he should have filed a motion to set aside or quash the writ of execution before the property was sold. *See* Rule 76.25 ("The person whose property has been levied upon may apply to the judge of the division of the court out of which the same was issued for a stay of execution or to quash the execution."); § 513.360 ("If any person against whose property any execution or order of sale shall be issued, apply to any judge of the court out of which the same may have been issued, by petition, verified by oath or affirmation, setting forth good cause why same ought to be stayed, set aside or quashed . . . .").

We cannot complete Aldrich's arguments for him. Because Aldrich's argument does not comply with Rule 84.04(e), we necessarily dismiss his appeal for this, among other briefing deficiencies.

9

**Conclusion**

Because Aldrich's brief so substantially fails to comply with Rule 84.04's briefing requirements that it preserves nothing for appellate review, the appeal is dismissed.

_____
**Janet Sutton, Presiding Judge**

Alok Ahuja and Mark D. Pfeiffer, JJ. concur