**Dr. Joe SCHNELLER, Appellant,**

v.

**GEICO, Respondent.**

**Nos. 18946, 18948.**

Missouri Court of Appeals,
Southern District,
Division One.

April 15, 1994.

Dr. Joe Schneller, pro se.

Bradley J. Fisher, Lee Ann Miller, Woolsey, Fisher, Whiteaker & McDonald, Springfield, for respondent.

PARRISH, Chief Judge.

Appellant Joe Schneller, who identifies his business with the words "Schneller's Chiropractic Clinic" immediately following his name on the small claims petitions initiating each of the actions that were appealed and consolidated by this court, brought identical actions in the small claims division of the Circuit Court of Barry County, Missouri. He sought $1,500 damages in each case "for services rendered."[1]

Following entry of judgments in favor of appellant, respondent GEICO filed applications for trial de novo. The circuit court entered judgments for GEICO. Dr. Schneller appeals. After appellant filed identical briefs in each appeal, respondent filed motions to dismiss. For the reasons that follow, this court finds the motions to dismiss the appeals are well-taken.

### Motions to Dismiss the Appeals

Respondent's motions seek dismissal of the appeals for appellant's failure to comply with Rule 84.04. The motions allege appellant's briefs fail to comply with the requirement of Rule 84.04(b) that "[t]he jurisdictional statement shall set forth sufficient factual data to demonstrate the applicability of the particular provision or provisions of Article V, Section 3, of the Constitution whereon jurisdiction is sought to be predicated."

The motions further allege that the statements of facts fail to comply with requirements of Rule 84.04(c), i.e., that a "statement of facts shall be a fair and concise statement of the facts relevant to the questions presented for determination without argument"; and that the points relied on fail to comply with requirements of Rule 84.04(d) that require points relied on to "state briefly and concisely what actions or rulings of the court are sought to be reviewed and wherein and why

they are claimed to be erroneous, with citations of authorities thereunder."

### Appellant's Briefs

The only difference in the two sets of briefs appellant filed are the case numbers on the respective covers. This court will refer to "appellant's brief" with the understanding that those references are applicable to the briefs in No. 18946 and No. 18948.

### Dispositions of Respondent's Motions to Dismiss the Appeals

■ Appellant is before this court *pro se.* He is, nevertheless, held to the same standard as a licensed attorney. As explained in *Sutton v. Goldenberg,* 862 S.W.2d 515 (Mo. App.1993):

While this court recognizes the problems faced by pro se litigants, we cannot relax our standards for non lawyers. *Brown v. City of St. Louis,* 842 S.W.2d 163, 165 (Mo.App.E.D.1992). It is not for lack of sympathy but rather it is necessitated by the requirement of judicial impartiality, judicial economy and fairness to all parties.

*Id.* at 517.

Rule 84.04(a) specifies what an appellant's brief must contain:

The brief for appellant shall contain: (1) A concise statement of the grounds on which jurisdiction of the review court is invoked; (2) A statement of the facts; (3) The points relied upon; and (4) An argument which shall substantially follow the order of "Points Relied On."

■ The jurisdictional statement in appellant's brief states, "The action is one involving the question of whether or not a Doctor has the right to sue and collect on the efficacy of a 'Benefits of Assignment' in a Personal Injury case. (RSMo 376.427)[.]" It sets forth no factual data that demonstrates applicability of any provision of Mo. Const. art. V, § 3, from which this court derives appellate jurisdiction.[2] Appellant's brief is deficient in that it does not contain a jurisdictional statement as required by Rule 84.04(b).

1. In each case appellant identified as "Reference patient," individuals for whom he claims he provided services. The name of the person identified in No. 18946 is Carroll E. Bratburg. The

name of the person identified in No. 18948 is Lorene Bratburg.

2. After respondent filed its motions to dismiss the appeals and its respondent's briefs, appellant

■ Appellant's statement of facts consists of five "subparagraphs" denominated a through e. Each subparagraph consists of one statement followed by a parenthetical expression that references the legal file, a document included in the legal file, or a case citation. Paragraph c indicates "Copy attached" that apparently refers to the judgment entered by the trial court. Two of the five statements are not complete sentences. It is not "a fair and concise statement of the facts relevant to the questions presented for determination." It does not comply with Rule 84.04(c).

■ None of appellant's points on appeal comply with Rule 84.04(d).[3]

Three things are required with respect to points relied on: (1) a statement of the action or ruling of the trial court about which the party complains; (2) a statement that specifies why the ruling was erroneous; and (3) a statement informing the appellate court wherein the evidence at trial supports the position the party asserts the trial court should have taken.

*Bentlage v. Springgate,* 793 S.W.2d 228, 229 (Mo.App.1990).

None of the purported points relied on identify the action or ruling of the trial court that appellant contends was erroneous. None identify what part of the record before the trial court supports appellant's assertion that there was a basis that would have permitted him to recover from respondent. Appellant's points relied on do not comply with Rule 84.04(d).

Respondent's motion to dismiss appeal in each appeal is granted. No. 18946 and No. 18948 are dismissed.

SHRUM and MONTGOMERY, JJ., concur.

filed reply briefs in which he included jurisdictional statements. At no time did he seek leave to file corrected appellant's briefs to comply with requirements of Rule 84.04(b). Rule 84.04(g) does not provide for jurisdictional statements in reply briefs.

3. Appellant attempts to assert two additional points on appeal in his reply briefs. "Assignments of error set forth for the first time in an appellant's reply brief do not present issues for appellate review." *Cain v. Buehner and Buehner,* 839 S.W.2d 695, 697 n. 2 (Mo.App.1992).