**In re Kirk D. MISCHEAUX, Petitioner,**

v.

**The Honorable Samuel HAIS, Associate Circuit Judge, Division 38, County of St. Louis,**

and

**Steve Stiffelman, Superintendent of County Jail, Work Release Center, County of St. Louis, Respondents,**

and

**Mary Webster, Intervenor.**

Missouri Court of Appeals, Eastern District, Writ Division Two.

Feb. 25, 1997.

Peter M. Cohen, St. Louis, for petitioner.

Steven Stiffelman, Clayton, for superintendent.

John A. Ross, County Counselor, Eva C. Konieczny, Asst. County Counselor, Clayton, for Stiffelman.

Aaron S. Dubin, Clayton, for Webster.

RHODES RUSSELL, Justice.

We issued a Writ of Habeas Corpus on December 19, 1996 sought by petitioner, Kirk D. Mischeaux ("father"). Father argues the Judgment of Contempt and Order of Commitment are invalid as they do not include specific findings that father has the present ability to pay the court-ordered child support and attorney's fees. Father also claims it was error to allow him to proceed without counsel. We hold that the Judgment of Contempt and Order of Commitment are invalid in that they did not include specific findings that father has the present ability to pay the court-ordered sums and order petitioner be discharged.[1]

A Consent Order of Paternity was entered by St. Louis County Circuit Court on January 12, 1987, declaring Kirk D. Mischeaux the father of minor child, D.D.M. Father was ordered to pay Mary Webster, the minor child's mother, the sum of $84 per month for child support. The Order was later modified to $225 per month. Father, thereafter, was held in Contempt of Court on October 9, 1992, and on June 28, 1996, for failing to pay the child support. The first Order of Contempt found father delinquent in the sum of $3,347.40 for child support and interest, and further ordered father to pay mother's attorney's fees of $750. The second Order of Contempt ordered father to pay $14,432.55 in delinquent child support and interest, and $997.50, plus interest, for mother's unpaid attorney's fees. Father was not incarcerated on either of the first two contempt orders.

Mother filed her Third Motion to Cite and Punish for Contempt, and a hearing was held on December 5, 1996. Father was again found to be in contempt for failing to pay $16,510.44 in back child support and interest, and $1,855.62 for attorney's fees, and costs. The court issued a warrant and commitment order sentencing father to the St. Louis County Jail until he purged himself of contempt by paying the entire sums.

Father filed this Writ of Habeas Corpus December 19, 1996, which was granted by this Court on December 20, 1996, releasing father from jail on his own recognizance.

■ Father's first point challenges the validity of the Judgment of Contempt and Order of Commitment as they fail to specifically find that he has the present ability to pay the court-ordered child support and attorney's fees.

Paragraph 12 of the December 5, 1996 Order of Judgment of Contempt states as follows:

12. Respondent (father) has maintained an ability to pay child support awarded pursuant to the terms and previous Orders and Judgments of this Court, and Respondent maintained an ability to pay attorney's fees previously awarded in (sic) on October 21, 1992 and in June, 1996.

Although the Order also states that Father had become employed at the Radisson Hotel in Clayton since the June 28, 1996 hearing, there is no indication of the amount Father earns from his employment nor any specific findings of his present ability to purge himself of contempt by paying the lump sums of $16,510.44 in back child support and interest, and $1,855.62 in attorney's fees.

■ In order for a contempt judgment and commitment to be valid, the trial court must make findings regarding the delinquent party's ability to pay. *State ex rel. Nesser v. Pennoyer*, 887 S.W.2d 394, 397 (Mo. banc 1994).

■ The contemnor must have the ability to purge himself to justify imprisonment for civil contempt. *State ex rel. Barth v. Corrigan*, 870 S.W.2d 458, 459 (Mo.App. 1994). The warrant and commitment order must state what action on the part of the Father would constitute purging. *State ex rel. Roedel v. Yates*, 926 S.W.2d 521 (Mo.App. 1996). The contemnor must have the key to the jail house door. *Id.*

■ The failure of the trial court to set forth with particularity the facts and circumstances of father's conduct which constitute contempt, renders the court's finding a mere

---

1. Intervenor's Motion to Strike and Motion to Dismiss are denied.

conclusion insufficient to support an order of commitment. *Roark v. Roark,* 723 S.W.2d 439 (Mo.App.1986). *Hunt v. Moreland,* 697 S.W.2d 326, 328 (Mo.App.1985).

The trial court's order is conclusionary and insufficient to support Father's commitment. As in *Roark* and *Hunt,* no finding is made regarding what Father's income is, what his other financial obligations are, whether he had divested himself of assets, nor what other assets father holds in order to purge himself of the payments that he was found to be delinquent on. To require father to make a lump sum payment of over $18,000 without court findings of his ability to do so is legally insufficient.

Mother argues that the prior orders and judgments of contempt of October 9, 1992 and June 28, 1996 did make specific findings as to father's ability to pay the court ordered sums and serve as the grounds for father's incarceration under the terms of the December 5, 1996 commitment order. However, there is no mention in the December 5, 1996 commitment order specifically incorporating the findings of the previous orders and judgments of commitment. Further, the prior two orders and judgments relate to father's financial status at those prior respective times. There is no indication in the record of father's present financial status. Point granted.

Father's second point is that it was error to allow him to proceed without counsel in a civil contempt proceeding when there was a significant likelihood of imprisonment. This point is moot in light of our determination that father be discharged from jail.

GERALD M. SMITH, P.J., and CRANE, J., concur.