William Lee **MARONEY**, Respondent,

v.

**Cynthia Rosamonde MARONEY, Appellant.**

**No. 20860.**

Missouri Court of Appeals, Southern District, Division Two.

Oct. 27, 1997.

---

Cynthia Rosamonde Maroney, pro se.

No appearance for respondent.

PARRISH, Presiding Judge.

This appeal arose from a modification of child custody and child support provisions in a dissolution of marriage judgment and a juvenile proceeding that placed physical custody of the children of William Lee Maroney (father) and Cynthia Rosamonde Maroney (mother) with father. Mother appeals. Father filed a motion to dismiss the appeal contending mother's brief fails to comply with rules applicable to appellate review, including Rule 84.04. For the reasons that follow, father's motion to dismiss the appeal is granted.

▮ Mother appears pro se. Nevertheless, she is held to the same standard with respect to the proceeding as a party represented by a licensed attorney. *Sours v. Pierce,* 908 S.W.2d 863, 865 (Mo.App.1995).

Rule 84.04(a) requires an appellant's brief to contain "(1) A concise statement of the grounds on which jurisdiction of the review court is invoked; (2) A statement of the facts; (3) The points relied upon; and (4) An argument which shall substantially follow the order of 'Points Relied On.' " Father's motion to dismiss the appeal includes complaints directed to mother's statement of facts and her points relied on. He complains that neither complies with requirements of Rule 84.04.

▮ Rule 84.04(c) requires the statement of facts to be a fair and concise statement of facts relevant to the questions presented for determination without argument. The statement of facts in mother's brief consists of three pages. About one-half of its text is a paragraph consisting primarily of eleven subparagraphs—designated (a) through (j)—that are a series of arguments and conclusions concerning actions and omissions of the Newton County office of the Missouri Division of Family Services. The remainder of the statement of facts is a recital of the procedural history of the case. There is no reference in the statement of facts to the legal file or transcript as is required by Rule 84.04(h).

Mother's statement of facts is not a fair and concise statement of the facts relevant to the questions she attempts to present on appeal. The statement of facts is not free of argument. It contains no references to the record on appeal. It violates Rules 84.04(c) and (h).

▮ Rule 84.04(d) requires points relied on to state briefly and concisely what actions or rulings of the court are sought to be reviewed and wherein and why those rulings

are claimed to be erroneous. As explained in *Bentlage v. Springgate,* 793 S.W.2d 228, 229 (Mo.App.1990), this requires three things: "(1) a statement of the action or ruling of the trial court about which the party complains; (2) a statement that specifies why the ruling was erroneous; and (3) a statement informing the appellate court wherein the evidence at trial supports the position the party asserts the trial court should have taken."

Mother's "Points Relied On" consist of 25 paragraphs. None of the paragraphs state an action or ruling of the court about which a complaint is made. Each paragraph is an abstract statement of law. Rule 84.04(d) includes the admonition, "Setting out only abstract statements of law without showing how they are related to any action or ruling of the court is not a compliance with this Rule."

Mother's brief does not comply with Rule 84.04. The requirements of the rule are mandatory. *Hubbs v. Hubbs,* 870 S.W.2d 901, 908 (Mo.App.1994). The brief presents nothing for appellate review. *Jones v. Jones,* 937 S.W.2d 352, 357 (Mo.App.1996).

Notwithstanding the foregoing, this court has reviewed the record on appeal as permitted by Rule 84.13(c). No manifest injustice or miscarriage of justice was found. Father's motion is granted. The appeal is dismissed.

MONTGOMERY, C.J., and SHRUM, J., concur.