**STATE of Missouri ex rel. Hattice
WATKINS, Plaintiff–
Respondent,**

v.

**David WATKINS, Defendant–Appellant.**

**No. 21503.**

Missouri Court of Appeals,
Southern District,
Division One.

June 23, 1998.

Motion for Rehearing and/or Transfer to
Supreme Court Denied July 14, 1998.

Application for Transfer Denied
Aug. 25, 1998.

**7.** This disposition renders Butler's other three     assignments of error moot.

David Watkins, pro se.

No appearance by respondent.

PREWITT, Judge.

◾ Appellant appeals from a "Judgment of Contempt" finding Appellant in contempt for failing to pay child support and maintenance. Appellant's brief reflects that he is proceeding "pro se." Nevertheless, he is held to the same standard as the client of a licensed attorney. *Schneller v. GEICO,* 873 S.W.2d 679, 680 (Mo.App.1994).

◾ The requirements of Rule 84.04 regarding the filing of briefs are mandatory and absent substantial compliance nothing is preserved for appellate review. *See Maroney v. Maroney,* 953 S.W.2d 644, 646 (Mo. App.1997). Although the index to Appellant's brief indicates a statement of facts is contained therein, at the page indicated there is only a jurisdictional statement. No where in the brief is there a statement of facts. Rule 84.04(c) requires the appellant's brief to contain a statement of facts which is a fair and concise statement of facts relevant to the questions presented. *Id.* at 645. Failing to provide a proper statement of facts preserves nothing for review. *Id.* at 646; *Schneller,* 873 S.W.2d at 681.

◾ We have, nevertheless, reviewed the record and find that, under our limited review, the judgment would have been affirmed even had the issues Appellant attempts to raise been properly preserved. Appellant testified that his former wife had settled with him in 1989 for $2,000.00 and agreed to no further maintenance, although he owed her in excess of the amount which she received. He told her he was not able to get any additional money at that time. Even if this occurred, and whether it did and the legal effect of it appeared to be in dispute, there would have been no consideration for the settlement and thus additional maintenance would have been owed. With exceptions not here applicable, a settlement for less than an amount admittedly owed is invalid for lack of consideration. *See Ennis v. McLaggan,* 608 S.W.2d 557, 562 (Mo.App. 1980).

◾ Appellant's reliance upon *Mischeaux v. Hais,* 939 S.W.2d 49 (Mo.App.1997) does not aid him. Appellant cites this case under

his point contending that the evidence showed he was unable to pay the amount found due by the trial court. He also cites it in asserting that the judgment of contempt and warrant of commitment failed to set forth with particularity the findings regarding his income, obligations and assets, and at the time the warrant for commitment was signed, there was no evidence of his ability to pay the amount due.

The trial court found that Appellant had the ability to make the questioned payments; however, that was not an issue before the trial court. In the hearing on the motion for contempt the only matters raised in Appellant's testimony and by his counsel were that a settlement of the maintenance had been made and that there were certain credits he should have received for child support. In connection with the purported settlement, Appellant did testify that in 1989 he did not have the money to pay maintenance and could not borrow it. However, that was years before the date of the hearing on the motion for contempt.[1]

It appears in *Mischeaux* that there was an issue as to the father's ability to pay. Here, that was not an issue. Applicable in this situation is the statement in *Hopkins v. Hopkins*, 626 S.W.2d 389, 391 (Mo.App.1981):

> The first point of appeal alleges an insufficiency of the contempt order by reason of the trial court's failure to ascertain that the husband was able to pay maintenance and had intentionally and contumaciously refused to do so. But this argument thrusts a false issue into the proceedings— whether the trial court is obligated to search out and determine if the husband may be able effectively to assert the affirmative defense of inability to pay. When the wife proves the husband's obligation to pay maintenance in a specified amount and his failure to make payments, she has established a prima facie case for contempt. The husband then has the burden of proving his inability to make payments and that he does not intentionally and contu-

maciously bring about his inability. When the wife establishes a prima facie case for contempt and the husband makes no attempt to prove the affirmative defense of inability to pay, it is not error for the trial court to hold him in contempt.

A prima facie case is made when there is a showing of an obligation to support and the failure to make the payment. *Brown v. Brown*, 670 S.W.2d 167, 170 (Mo.App. 1984). Thereafter, the obligor has the burden to prove inability not the consequence of intentional conduct and where the obligor offers no evidence on this issue, contempt stands proven. *Id.* In that event, the trier-of-fact assumes from want of dispute that the financial ability of the obligor at the time of the support order remains the same and this legal conclusion of ability to pay suffices as a basis for the judgment and commitment. *Id.* The rationale for this rule is stated in *Wisdom v. Wisdom*, 689 S.W.2d 82, 85 (Mo.App. 1985):

> In a proceeding for civil contempt for non-compliance with orders in a dissolution of marriage judgment, the contemnor has the more ready access to any facts to excuse the default. Thus, the contemnor bears the burden to prove that non-compliance was not an act of contumacy.

Appellant has filed with us several purported exhibits, none of which appear in the record as having been presented to the trial court, and which may relate to additional or different issues than those present before the trial judge. This Court only considers contentions presented to the trial court. *MECO Systems, Inc. v. Dancing Bear Entertainment, Inc.*, 948 S.W.2d 185, 192 (Mo.App. 1997).

The judgment is affirmed.

GARRISON, P.J., and CROW, J., concur.

1. According to the record, the motion for contempt was filed on September 13, 1995; a hearing on that motion was held on May 13, 1996; judgment was entered adverse to Appellant on September 13, 1996; and a warrant commitment was entered on January 31, 1997. Appellant filed his notice of appeal on February 13, 1997.