**Barbara FORD, Claimant–Appellant,**

v.

**AURORA CLINICS and Division of Employment Security, Respondents–Respondents.**

**No. 22140.**

Missouri Court of Appeals,
Southern District,
Division One.

Aug. 12, 1998.

Barbara Ford, pro se.

Marilyn Green, Cynthia Quetsch, Jefferson City, for respondent Div. of Employment Security.

Before PREWITT, P.J., and CROW and PARRISH, JJ.

PER CURIAM.

Appellant was denied unemployment insurance compensation because she had left work voluntarily without good cause attributable to such work or to her employer. *See* Section 288.050.1(1), RSMo 1994. Here, and in the administrative proceedings, Appellant contends that she did not leave work as she "was not employed, but worked gratuitously for T.M. Meehan, D.O." Whether she was employed was a factual matter in dispute and the Labor and Industrial Relations Commission of Missouri determined this factual matter adverse to Appellant.[1]

Appellant's "brief" consists of a letter addressed to "To Whom It May Concern" with photocopied attachments. Rule 84.04(a) prescribes the requirements for an appellate brief. None of the requirements set forth in that rule are satisfied by the document filed by Appellant. Although Appellant filed this appeal *pro se*, she is "required to adhere to the same standard with respect to the proceeding as a party represented by a licensed attorney." *Sours v. Pierce*, 908 S.W.2d 863, 865 (Mo.App.1995). The requirements of Rule 84.04 are mandatory. *Maroney v. Maroney*, 953 S.W.2d 644, 646 (Mo.App.1997). This court may, however, gratuitously review the record to determine whether Appellant is entitled to relief for plain error under Rule 84.13(c), and this we have done.

This Court's limited review as to disputed facts is only to determine whether the Commission's finding is supported by competent and substantial evidence. *Burns v. Labor & Indus. Relations Comm'n*, 845

---

1. During the time period relevant to this matter, Dr. Meehan alternatively operated the Aurora Clinic, which was under control of the Aurora Community Hospital, or worked independent from the hospital.

S.W.2d 553, 554 (Mo.banc 1993). Credibility of the witnesses is a function of the Commission. *Id.* at 555.

This Court determines that the order appealed from is supported by competent and substantial evidence on the whole record and that no error of law appears. A further opinion would have no precedential value.

The decision is affirmed in compliance with Rules 84.16(b)(4) and (5).