Joshua SAMPLE, by next friend Cindy SAMPLE, Respondent,

v.

Bassam A. SAFFAF, Appellant.

No. ED 80194.

Missouri Court of Appeals,
Eastern District,
Division Four.

Oct. 22, 2002.

unless otherwise indicated.

---

Henry B. Robertson, St. Louis, MO, for appellant.

Michael McAvoy, Fenton, MO, for respondent.

WILLIAM H. CRANDALL, JR.,
Presiding Judge.

Bassam Saffaf appeals from the judgment and commitment order of the trial court that found him in contempt and sentenced him to jail for failure to pay child support and other expenses. We reverse and remand.

On June 10, 1994, Cindy Sample, as next friend of Joshua Sample, filed a petition alleging that Joshua Sample, born December 6, 1986, was the minor child of Bassam Saffaf. She sought a declaration of paternity, order of support, custody and reimbursement of necessaries. On May 24, 1995, the trial court entered a default judgment against Saffaf ordering him to pay $725.00 per month child support, provide health, dental and hospitalization insurance for the child, and pay 50% of the child's medical expenses not covered by insurance. On February 25, 1997, the trial court sustained a motion for contempt filed by Cindy Sample and found that Saffaf owed $21,600.00 in child support. To pay the arrearage, the court increased Saffaf's monthly child support to $1,087.50.

Thereafter, the Department of Social Services issued an administrative order finding that as of February 9, 1999, Saffaf owed $35,329.10 in child support. In September 1999, Saffaf filed a motion to modify and approximately seven months later Cindy Sample filed a motion for contempt.

A family court commissioner conducted a hearing. Cindy Sample and Saffaf testified. Cindy Sample moved to dismiss Saffaf's motion to modify because he was in contempt of the court's prior order. The commissioner sustained the motion. In amended findings and recommendations, the commissioner found that Saffaf was guilty of indirect civil contempt and sentenced him to 180 days. The commissioner stayed Saffaf's jail sentence upon the following conditions: (1) payment of $5,000.00 to Cindy Sample by February 9, 2001; (2) payment of $2,500.00 by June 1, 2001, December 1, 2001 and every June 1st and December 1st thereafter until the arrearage with interest was paid; (3) full compliance with all current and future court or administrative child support orders including, but not limited to all rules and orders of probation entered in Saffaf's pending criminal proceeding; and (4) reporting to the court any changes of address or employment within twenty-four hours of the change. On January 19, 2001, the circuit court adopted the commissioner's findings and recommendations as the amended judgment of the court. Thereafter, the commissioner issued a commitment order. The order provided that Saffaf had not made the February 9, 2001 payment. Saffaf was committed to jail for 180 days or until he purged himself "by paying CASH BOND, to be used to partially pay the arrearage, of $13,300 and otherwise complying with this Court's Amended Judgment of Contempt dated January 19, 2001 . . . ." Saffaf paid the bond. The court ordered the $13,300 to be paid to the Family Support Payment Cen-

ter as partial satisfaction of back child support. Saffaf appeals, raising three points.

■ In his first point, Saffaf challenges the validity of the contempt judgment and commitment order. Saffaf contends that the judgment and order state legal conclusions rather than the required specific findings of fact.

The amended judgment of contempt provides in part as follows:

... this Court finds that Bassam Saffaf did:

1. Fail to pay child support in the amount of $725.00 per month as ordered in this Court's judgment dated on or about May 24th, 1995, being in arrears $27,366.24 for child support, $5,112.00 for cost of insurance, $2150.00 for uncovered medical expenses, and $604.59 for prescription costs; and

2. Have the ability to pay.

and which said acts of Bassam Saffaf violated this Court's order of child support, and which the conduct by violating the Court's Order was and is material to the above entitled action.

And that after personal service of said charges and a full hearing on the matter at which Bassam Saffaf was provided the opportunity to answer these charges of contempt, this Court finds that he is guilty by reason of said act of indirect civil contempt.

The commitment order contains the language from paragraphs 1 and 2 of the contempt judgment.

■ Saffaf contends that the findings regarding his contemptuous conduct are insufficient. In contempt proceedings, the facts and circumstances that constitute contempt must be set forth in both the judgment and commitment order. *In re Brown,* 12 S.W.3d 398, 400 (Mo.App. E.D. 2000); *State ex rel. Barth v. Corrigan,* 870 S.W.2d 458 (Mo.App. E.D.1994). A judgment or commitment order that fails to recite the facts and circumstances that constitute the offense but merely states legal conclusions is insufficient. *Roark v. Roark,* 723 S.W.2d 439, 441 (Mo.App.1986).

■ We note initially that the court did not find that Saffaf placed himself in a position where he could not pay and if so "[w]hether he divested himself of assets, voluntarily left employment, refused to seek employment, or whatever, and whether he did so intentionally with the purpose of frustrating enforcement of the court's order...." *Hunt v. Moreland,* 697 S.W.2d 326, 328 (Mo.App.1985). Here, the court found that Saffaf failed to pay $35,232.83 in child support and other expenses and that he did "[h]ave the ability to pay." However, the court entered no findings regarding Saffaf's past income, his other financial obligations or whether he had assets to support the finding that he had the ability to pay. *In re Brown,* 12 S.W.3d at 401. The court stated legal conclusions and did not recite the facts and circumstances that constituted the contempt. The failure to set forth with the requisite specificity the facts and circumstances that constituted contempt renders the judgment and commitment order insufficient.[1]

---

1. Saffaf also contends that the court's reference in paragraph 1 of the amended contempt judgment and commitment order to "this Court's judgment dated May 24th, 1995" is vague because the May 24th judgment was entered by a different judge in a different division. Both the May 24th judgment and the contempt judgment and commitment order were entered in the Twenty-Third Judicial Circuit, Jefferson County, Missouri. The fact that the May 24th judgment, part of the record on appeal, was entered by a different judge in a different division does not make the

■ Saffaf next contends that the judgment and commitment order are insufficient because the court made no findings regarding Saffaf's present ability to pay the required amounts to purge himself. For a contempt judgment and commitment order to be valid, the trial court must make findings regarding the delinquent party's ability to pay. *Id.* at 400; *Mischeaux v. Hais*, 939 S.W.2d 49, 50 (Mo.App. E.D.1997). The contemnor must have the ability to purge himself or herself to justify imprisonment for civil contempt. *Id.* Absent the ability to pay, the coercive purpose for civil contempt is frustrated because the contemnor has no key to the jailhouse door. *Id.*

■ To purge himself under the commitment order, Saffaf was required to comply with the court's contempt judgment that provided for among other things Saffaf making certain payments.[2] Saffaf was also required to pay a $13,300 bond that was to be used to pay back child support. The trial court made no findings regarding Saffaf's present ability to pay the bond and make the required payments. The court found that Saffaf did "[h]ave the ability to pay." But this does not equate to a finding that he had the present ability to pay. *In re Brown*, 12 S.W.3d at 401. Further, the court made no findings as to Saffaf's present income, his other financial obligations or what other assets he holds.

■ Saffaf also challenges the court's requirement that he comply "with all current and future Court or administrative child support orders." For purposes of collecting child support, the contempt power is limited to enforcing payment of amounts already due. *State ex rel. Nesser v. Pennoyer*, 887 S.W.2d 394, 396–97 (Mo. banc 1994). In the present case, it was impermissible for the court to condition Saffaf's release on compliance with future child support orders. Saffaf's first point is granted.

■ In his second point, Saffaf argues that there was insufficient evidence to support the judgment and commitment order. Saffaf contends that the evidence does not support a finding that he had the present ability to pay the $13,300 bond or the $5,000 and $2,500 payments.[3] As previously discussed, the contemnor must have the ability to purge himself or herself to justify imprisonment for civil contempt. Where imprisonment is requested, there must be "proof that the alleged contemnor has the ability to purge himself or herself of the contempt." *Wilson v. Whitney*, 81 S.W.3d 172, 185 (Mo.App. S.D.2002). *See Lyons v. Sloop*, 40 S.W.3d 1, 15 (Mo.App. W.D.2001).

After the commitment order was issued, Saffaf paid the $13,300 bond. This does not, however, negate the requirement that there must be both sufficient findings and evidence of the present ability to pay prior

reference to "this Court's judgment" unduly vague.

2. The trial court sentenced Saffaf to a 180-day sentence. A civil contemnor may only be sentenced to an indefinite jail term that expires when he or she decides to comply with the court's order. *Redifer v. Redifer*, 650 S.W.2d 26, 28 (Mo.App.1983); *Huber v. Huber*, 649 S.W.2d 955, 958 (Mo.App.1983). Saffaf does not raise this issue on appeal. Given that we are reversing and remanding

on other grounds, we decline review of this issue. *See Huber*, 649 S.W.2d at 958 (in civil contempt case, holding that issue regarding husband's ninety-day jail term was moot because of reversal on other grounds but stating that husband was not prejudiced by the trial court setting a ninety-day time limit).

3. In the commitment order, the court only found that Saffaf had failed to make the $5,000.00 payment.

to the commitment order being issued.[4] Review of the record reflects that the evidence was insufficient to support a finding of Saffaf's present ability to pay the bond and the payments set forth in the contempt judgment that had not been paid at the time of the commitment order. Saffaf's second point is granted. Saffaf's third point that the trial court erred in denying his requests for a continuance need not be addressed.[5]

"[I]n the interest of judicial efficiency, we will not reverse outright but will remand so that further proceedings may be had if [Cindy Sample] so desires." *Teefey v. Teefey*, 533 S.W.2d 563, 567 (Mo. banc 1976); *Huber*, 649 S.W.2d at 958. The amended judgment of contempt and commitment order are reversed and the cause remanded for further proceedings consistent with this opinion.

SHERRI B. SULLIVAN and GLENN A. NORTON, JJ., concur.

---

**4.** Evidence regarding the payment of the bond may be relevant to further proceedings.

**5.** We decline review of any other possible error not raised on appeal.