**Carol BRESSLER, Appellant**

v.

**THE WOOTEN COMPANY, L.L.C., and Mo. Div. of Employment Security, Respondents.**

No. 27842.

Missouri Court of Appeals, Southern District, Division One.

Feb. 14, 2007.

Carol Bressler, pro se.

Cynthia Quetsch, Jefferson City, for Div. of Employment Security.

JOHN E. PARRISH, Judge.

This is an appeal of a decision of the Labor & Industrial Relations Commission (the commission) denying appellant unemployment benefits. This court affirms.

Rule 84.04(a) provides:

**Contents.** The brief for appellant shall contain:

(1) A detailed table of contents, with page references, and a table of cases (alphabetically arranged), statutes, and other authorities cited, with reference to

the pages of the brief where they are cited;

(2) A concise statement of the grounds on which jurisdiction of the review court is invoked;

(3) A statement of facts;

(4) The points relied on;

(5) An argument, which shall substantially follow the order of the points relied on; and

(6) A short conclusion stating the precise relief sought.

Appellant's brief contains the required table of contents and, arguably, a satisfactory conclusion stating the relief appellant is seeking. It does not meet the other requirements of Rule 84.04(a). There is no jurisdictional statement that complies with requirements of Rule 84.04(b). The statement of facts is argumentative, includes statements dehors the record, and is void of specific page references to the record contrary to the dictates of Rule 84.04(c) and (i).

■ The point relied on is not in the form required by Rule 84.04(d)(2)(B) and (C) in that it neither states concisely the legal reasons for a claim of error nor explains in summary fashion, in the context of the case, a legal basis for any claim of error. Neither does the argument section of appellant's brief meet requirements of Rule 84.04 in that the argument has no specific page references to the record on appeal as required by Rule 84.04(i).

Although Appellant filed this appeal *pro se,* she is "required to adhere to the same standard with respect to the proceeding as a party represented by a licensed attorney." *Sours v. Pierce,* 908 S.W.2d 863, 865 (Mo.App.1995). The requirements of Rule 84.04 are mandatory. *Maroney v. Maroney,* 953 S.W.2d 644, 646 (Mo.App.1997).

*Ford v. Aurora Clinics,* 973 S.W.2d 916, 917 (Mo.App.1998). Notwithstanding the deficiencies in an appellant's brief, when possible appellate courts prefer to address the merits of an appeal. *See, e.g., Bi–State Development Agency of Missouri–Illinois Metropolitan Dist. v. Nikodem,* 859 S.W.2d 775, 778 (Mo.App.1993). The court is able to do so in this case.

■ The issue that was before the commission was whether respondent discharged appellant for misconduct connected with work. The commission's findings of fact included that appellant worked for respondent 11 months as an accountant; that she was discharged on October 28, 2005, for a pattern of dishonesty for which she previously had been counseled. The commission found:

On October 25, 2005, [appellant] claimed eight hours of jury duty when she actually only had five and a half. [Respondent's] payroll administrator had previously instructed claimant to put the actual hours of her jury duty on her time record. Also, on that day, claimant failed to return to work after being released form [sic] jury duty at 1:30 p.m. [Appellant's] workday is from 8:00 a.m. until 5:00 p.m. Regarding jury duty, [respondent's] handbook requires its employees to return to work on any day or half day they are not required to serve and to report to work if they are released from jury duty prior to the end of a workday.

[Appellant's] other acts of dishonesty included working on her resume during work hours and with [respondent's] equipment. On another occasion, [appellant] took home coffee creamer that was provided by [respondent]. Also, [appellant] submitted a bill for reimbursement for office decor in the amount of $82.07 for a $10.00 picture.

The commission concluded that respondent had discharged appellant for a pattern of dishonest behavior; that the pattern of dishonest behavior exhibited a disregard of standards of behavior by appellant that respondent had the right to expect from her. The commission found that appellant's conduct showed an intentional and substantial disregard of respondent's interests and of appellant's duties and obligations to respondent. It denied appellant's claim for benefits.

Appellant's point on appeal, as this court perceives it, contends the commission erred in denying her benefits "because of incorrect information presented to the Commission of which this may have clouded their judgment in ruling," that she committed misconduct as defined in § 288.030.1(23), RSMo 2000.[1]

 This court defers to the commission's resolution of witness credibility and considers facts and inferences favorable to and consistent with its decision. *Mitchell v. Div. of Employment Security,* 922 S.W.2d 425, 427 (Mo.App.1996). Furthermore, although appellant asserts additional matters in her brief that are not part of the record of the proceedings before the commission, and encourages its consideration, this court may not consider such representations. Matters that were not presented to the commission cannot be considered as part of the record on appeal. *Lusher v. Gerald Harris Const., Inc.,* 993 S.W.2d 537, 545 (Mo.App.1999). Having reviewed the record in this manner, this court concludes that the decision of the commission is supported by competent and substantial evidence on the whole record; that no error of law appears. Further opinion would have no precedential value. Appellant's point is denied. The decision of the commission is affirmed in accordance with Rule 84.16(b)(4) and (5).

RAHMEYER, P.J., and SCOTT, J., concur.

---

1.  § 288.030.1(23) defines misconduct as "an act of wanton or willful disregard of the employer's interest, a deliberate violation of the employer's rules, a disregard of standards of behavior which the employer has the right to expect of his or her employee, or negligence in such degree or recurrence as to manifest culpability, wrongful intent or evil design, or show an intentional and substantial disregard of the employer's interest or of the employee's duties and obligations to the employer."