

# In the Missouri Court of Appeals
# Eastern District

### DIVISION ONE

| | | |
|---|---|---|
| LINDA J. TIERNEY, | ) | No. ED112742 |
| | ) | |
| Appellant, | ) | Appeal from the Circuit Court |
| | ) | of St. Louis County |
| v. | ) | Cause No. 22SL-DR04630 |
| | ) | |
| LAWRENCE J. TIERNEY, | ) | Honorable Joseph L. Green |
| | ) | |
| Respondent. | ) | Filed: March 11, 2025 |

### Introduction

Appellant Linda Tierney appeals from the trial court's judgment finding her in contempt for failing to comply with the court's earlier judgment of dissolution of marriage from her former spouse, Respondent Lawrence Tierney. On appeal, Appellant argues the trial court's judgment fails to recite the requisite facts and circumstances constituting Appellant's contempt. Appellant further argues the contempt finding is against the weight of the evidence, and the trial court erred in amending the dissolution judgment and in hearing a video used to refresh Appellant's recollection. This Court also directed the parties to address the threshold issue of mootness because this is an appeal from a contempt judgment and whether the judgment was enforced was unclear from the record.

We first conclude the appeal is not moot. We also conclude the contempt judgment erroneously fails to recite the facts and circumstances constituting Appellant's contemptuous conduct and improperly amends the dissolution judgment. We therefore grant Appellant's Points I and VI, reverse the contempt judgment, and remand with instructions to the trial court. Because Points I and VI are dispositive, we decline to address Appellant's Points II through V. Finally, regarding Point VII, we find no reversible error from the trial court's hearing the video used to refresh Appellant's recollection.

## Factual and Procedural History

### Facts

Appellant and Respondent married in 1985. They separated in September 2022. On September 8, 2023, the Circuit Court of St. Louis County entered a judgment dissolving the marriage, which fully incorporated the parties' Marital Settlement and Separation Agreement.

In the separation agreement, the parties acknowledged they owned a parcel of real property in St. Louis. Under the agreement, Appellant was to list the property within 90 days of the entry of the dissolution judgment and pay the monthly mortgage until the property sold. Once the property sold, Appellant would receive 100 percent of the net proceeds. In a section titled "No Modification by Court," the Marital Settlement and Separation Agreement provided that "the terms of this Agreement shall not be subject to amendment or alteration by the Family Court of St. Louis County, Missouri or by any other court or tribunal at any time, for any reason . . .." The separation agreement also expressed the parties' intent that the terms of the agreement be incorporated into the dissolution judgment.

### Procedural History

#### *Motion for Contempt*

On November 22, 2023, Respondent filed a motion for contempt for Appellant's alleged failure to list the marital residence for sale within the 90-day deadline set forth in the Marital Settlement and Separation Agreement and the dissolution judgment. Respondent alleged that Appellant had "failed to list the marital residence for sale and upon information and belief will not have the marital residence listed for sale on or before December 7, 2023." Respondent further alleged that Appellant, through counsel, had "represented that she does not intend to have the house listed for sale by December 7, 2023." Due to Appellant's failure to list the house, Respondent alleged his credit had been "significantly and negatively affected." The trial court ordered Appellant to show cause why she should not be held in contempt of the dissolution judgment. Appellant filed a motion to dismiss the motion for contempt.

On January 16, 2024, Respondent filed an amended motion for contempt adding allegations that, in relevant part, Appellant failed to list the property by the 90-day deadline and Appellant only listed the property after Respondent filed his motion for contempt. The amended motion also alleged Appellant's refusal to provide her address for service of the motion for contempt and Respondent's payment of additional fees to locate and serve Appellant.

*Hearing on Motion for Contempt*

On January 23, 2024, the trial court held a hearing on Respondent's motion for contempt, at which Appellant was the only witness. Respondent's counsel asked Appellant if she told Respondent's process server that she was not disclosing her address. Appellant denied that. Respondent's counsel then expressed that she was going to refresh Appellant's memory with a video of her interaction with the process server. Appellant stated she did not remember and had a "very bad memory." Respondent's counsel referred to "the microphone, so the Judge can hear." Appellant's counsel objected that the trial court, the trier of fact, should not hear a video used

3

only to refresh Appellant's recollection. The trial court overruled the objection, and Respondent's counsel played the video. Appellant admitted the video depicted her and she stated she "[w]asn't going to tell them how to find me."

At the end of the hearing, the trial court pronounced:

> I do find Wife in contempt for her failure to try to mitigate the circumstances, and reach out to Husband pursuant to the judgment to find a mutually agreed upon alternative remedy that would have been available, to help mitigate the damages. And I will also amend the judgment -- or as a sanction for her contempt, instead of the Wife receiving 100 percent of the proceeds from the sale, she shall now receive 75 percent of the proceeds, and Husband will receive 25 percent . . . of the proceeds.
> . . . .
> If there [are] further contempt actions by Wife, then the . . . net proceeds of the sale . . . may be subject to further amendment of division of percentages.

*Contempt Judgment*

On February 1, 2024, the trial court entered its judgment holding Appellant in contempt of the dissolution judgment. The contempt judgment stated the following:

1. Petitioner's Motion to Dismiss is denied.
2. Petitioner is hereby found to be in contempt of this Court's September 8, 2023, judgment of Dissolution of Marriage.
3. As and for damages caused by Petitioner's contemptuous actions, Respondent shall be awarded 25% of the net proceeds of the sale of the real property located at [redacted].
4. This Court shall retain and reserve its authority to reallocate the division of the net proceeds of the sale of [the property] should [Appellant's] contemptuous actions continue.
5. In the event that the [property] is not sold prior to Thursday, February 22, 2024, [B.H.] shall immediately be appointed as commissioner to complete the sale of [the property].

On February 27, 2024, Respondent enforced the trial court's contempt judgment. Respondent received 25 percent of the net proceeds of the sale of the property. Appellant now appeals from the trial court's contempt judgment.

4

**Discussion**

Mootness

"This Court is obligated, either upon motion of a party or acting *sua sponte*, to examine an appeal for mootness because '[m]ootness implicates the justiciability of a controversy and is a threshold issue to appellate review.'" *Missouri Mun. League v. State*, 465 S.W.3d 904, 906 (Mo. banc 2015) (quoting *LeBeau v. Comm'rs of Franklin Cnty.*, 459 S.W.3d 436, 438 (Mo. banc 2015)). "A cause of action is moot when the question presented for decision seeks a judgment upon some matter which, if the judgment was rendered, would not have any practical effect upon any then existing controversy. When an event occurs which renders a decision unnecessary, the appeal will be dismissed." *Id.* (quoting *Humane Soc'y of U.S. v. State*, 405 S.W.3d 532, 535 (Mo. banc 2013)).

A party found to be in civil contempt basically has two options. *Allsberry v. Flynn*, 666 S.W.3d 201, 204 (Mo. App. E.D. 2023). "First, the contemnor may purge himself of the contempt by complying with the order or judgment, rendering the case moot and unappealable." *Id.* "Second, the contemnor can appeal the judgment of contempt, but only once the judgment is final." *Id.* A judgment of civil contempt is not final and appealable until it is enforced. *Id.* "The contempt order is enforced when the moving party executes on the fine." *In re Marriage of Crow & Gilmore*, 103 S.W.3d 778, 781 (Mo. banc 2003).

Here, the parties agree the contempt judgment was enforced, Respondent received 25 percent of the net proceeds of the sale of the property, and the appeal is not moot. We therefore turn to the merits.

Points I and VI

We first consider Points I and VI together because they are dispositive. In Point I, Appellant argues the trial court erred in entering its contempt judgment because the judgment

5

states only legal conclusions and fails to recite facts and circumstances that constitute the contemptuous acts. In Point VI, Appellant argues the trial court erred in amending the dissolution judgment in the form of a fine for Appellant's alleged contemptuous conduct because the dissolution judgment and Section 452.325 prohibit such an amendment.[1]

*Standard of Review*

"We review a contempt judgment under the same standard as other court-tried matters." *Chemline Inc. v. Mauzy*, 618 S.W.3d 701, 706 (Mo. App. E.D. 2021). "That is, we will affirm the judgment unless it is not supported by substantial evidence, it is against the weight of the evidence, or it erroneously declares or applies the law." *Id.*

*Analysis*

Appellant first argues that the contempt judgment is insufficient and requires reversal because the "judgment is silent as to the facts and circumstances that constituted Appellant's alleged contemptuous actions." Respondent responds that three of the five points in the judgment address Appellant's contempt and the trial court heard sufficient argument and testimony on the record. Respondent nonetheless requests, "in the event that this Court finds that the contempt judgment is insufficient and cannot be enforced," that the Court "remand this matter to the trial court in order to enter a new contempt judgment that complies with contempt judgment requirements."

"In contempt proceedings, the facts and circumstances that constitute contempt must be set forth in both the judgment and commitment order." *Sample ex rel. Sample v. Saffaf*, 87 S.W.3d 903, 906 (Mo. App. E.D. 2002). "A judgment or commitment order that fails to recite the

---

[1] Unless otherwise indicated, all statutory references are to RSMo (2016) as amended.

facts and circumstances that constitute the offense but merely states legal conclusions is insufficient." *Id.*

The entirety of the trial court's findings in the contempt judgment are:

1.  Petitioner's Motion to Dismiss is denied.
2.  Petitioner is hereby found to be in contempt of this Court's September 8, 2023, judgment of Dissolution of Marriage.
3.  As and for damages caused by Petitioner's contemptuous actions, Respondent shall be awarded 25% of the net proceeds of the sale of the real property located at [redacted].
4.  This Court shall retain and reserve its authority to reallocate the division of the net proceeds of the sale of [the property] should [Appellant's] contemptuous actions continue.
5.  In the event that the [property] is not sold prior to Thursday, February 22, 2024, [B.H.] shall immediately be appointed as commissioner to complete the sale of [the property].

The contempt judgment erroneously fails to set forth "the facts and circumstances that constitute contempt." *Sample*, 87 S.W.3d at 906. Though paragraph 2 of the contempt judgment memorializes the trial court's finding that Appellant was in contempt of the dissolution judgment, it does not recite any facts or circumstances constituting Appellant's conduct contemptuous of the dissolution judgment.[2]

Additionally, in Point VI, Appellant argues the trial court erroneously fashioned a fine for Appellant's contempt in the form of an amendment to the dissolution judgment. She points out that, in paragraph 3 of the contempt judgment, the trial court awarded Respondent 25 percent of the net proceeds of the sale of the real property. Pursuant to the terms of the Marital Settlement

---

[2] The trial court's oral pronouncement and finding of contempt at the conclusion of the hearing on the motion for contempt are insufficient because "the facts and circumstances that constitute contempt must be set forth in both the judgment and commitment order." *Sample*, 87 S.W.3d at 906.

and Separation Agreement, Appellant was entitled to 100 percent of the proceeds of the sale. Those terms were fully incorporated into the dissolution judgment.

Generally speaking, the terms of a separation agreement in a proceeding for dissolution of marriage are binding upon the court unless the court finds the separation agreement is unconscionable. Section 452.325.2. "Except for terms concerning the support, custody or visitation of children, the decree may expressly preclude or limit modification of terms set forth in the decree if the separation agreement so provides." Section 452.325.6. "A court should not interfere with a couple's non-modifiable agreement, absent a showing of unconscionability or contravening public policy." *Joseph v. Schrauth*, 642 S.W.3d 340, 348-49 (Mo. App. E.D. 2022) (quoting *Boden v. Boden*, 229 S.W.3d 169, 172-73 (Mo. App. E.D. 2007)).

Appellant argues the trial court erroneously declared or applied the law because the fine imposed was an amendment of the dissolution judgment, which fully incorporated the terms of the Marital Settlement and Separation Agreement. The separation agreement expressly provided that "the terms of this Agreement shall not be subject to amendment or alteration by the Family Court of St. Louis County, Missouri or by any other court or tribunal at any time, for any reason," pursuant to Section 452.325.

Paragraph 3 of the contempt judgment assesses "damages" for Appellant's contemptuous actions in the form of 25 percent of the net proceeds of the sale of the property. In paragraph 4, the trial court retained the authority to continue to reallocate the division of the net proceeds of the sale. At the contempt hearing, the trial court pronounced it would "amend the judgment -- or as a sanction for her contempt, instead of the Wife receiving 100 percent of the proceeds from the sale, she shall now receive 75 percent of the proceeds, and Husband will receive 25 percent . . . of the proceeds." The court continued, "If there [are] further contempt actions by Wife, then

the . . . net proceeds of the sale . . . may be subject to further amendment of division of percentages."

Whether the trial court was assessing "damages" or imposing a "sanction" of 25 percent of the sale proceeds, its contempt judgment amended the terms of the dissolution judgment and the separation agreement fully incorporated therein, which otherwise allocated 100 percent of the sale proceeds to Appellant. Such an amendment is prohibited by the terms of the separation agreement and Section 452.325.

We fully recognize a trial court's necessarily broad discretion in contempt matters and in sanctioning parties for contemptuous conduct. *See Chemline Inc.,* 618 S.W.3d 706; *Wuebbeling v. Wuebbeling*, 574 S.W.3d 317, 324 (Mo. App. E.D. 2019) (stating purpose of civil contempt is to "coerc[e] a party to comply with a court order."); *Smotherman v. White*, 574 S.W.3d 309, 311 (Mo. App. S.D. 2019). In exercising that broad discretion, however, the trial court must set forth in the contempt judgment the facts and circumstances constituting contempt. *Sample*, 87 S.W.3d at 906. Also, the trial court's broad discretion is limited by the terms of the separation agreement and Section 452.325, which generally prohibit the amendment of the agreement.

Points I and VI are granted. Because the findings in the contempt judgment are insufficient, we reverse and remand for the trial court, in its broad discretion, to set forth in its contempt judgment the facts and circumstances constituting Appellant's contempt of the September 8, 2023, dissolution judgment. Also, because the contempt judgment amended the terms of the dissolution judgment in violation of the Marital Settlement and Separation Agreement and Section 452.325, we reverse and remand for the trial court, in its broad discretion, to fashion a sanction that does not amend the dissolution judgment.

<u>Points II, III, IV, and V</u>

9

In Points II through IV, Appellant essentially offers her best guesses at the factual bases for the trial court's contempt judgment and argues those bases are against the weight of the evidence. In Point V, Appellant argues the trial court erred in awarding Respondent 25 percent of the net proceeds of the sale of the real property as a compensatory fine because Respondent provided no evidence that he suffered any actual damages upon which a fine could be based.

In Point I, we have concluded the contempt judgment fails to set forth the facts and circumstances constituting Appellant's contempt. Thus, we cannot determine from the contempt judgment the basis for the trial court's contempt finding or whether that finding is against the weight of the evidence. Point I is dispositive, and we therefore decline to address Points II, III, and IV. *See, e.g., Sullivan v. City of Univ. City*, 677 S.W.3d 844, 855 (Mo. App. E.D. 2023).

Similarly, in Point VI, we have concluded the trial court's contempt judgment erroneously amended the dissolution judgment by awarding Respondent 25 percent of the sale proceeds in violation of the terms of the separation agreement and Section 452.325.2. Because we have reversed the award of 25 percent of the sale proceeds in Point VI, we decline to address Appellant's Point V that insufficient evidence supported the award. *See id.*

Point VII

In her seventh and final point, Appellant argues the trial court abused its discretion in overruling Appellant's objection that the court, as the trier of fact, may not hear the evidence used to refresh Appellant's recollection and the court was prejudiced by hearing the evidence. Despite our reversal of the contempt judgment in Points I and VI, we address Appellant's Point VII to provide some direction on remand. *See generally Davis v. Schmidt*, 210 S.W.3d 494, 501 (Mo. App. W.D. 2007) (addressing remaining points on appeal to provide some direction on remand despite reversal due to lack of requisite findings in judgment).

*Standard of Review*

"A trial court's decision to admit or exclude evidence is reviewed only for an abuse of discretion." *Gordon v. Monsanto Co.*, 702 S.W.3d 506, 510 (Mo. App. E.D. 2024). "An abuse of discretion occurs when the trial court's ruling 'is clearly against the logic of the circumstances and is so unreasonable and arbitrary that the ruling shocks the sense of justice and indicates a lack of careful, deliberate consideration.'" *Id.* (quoting *Williams v. Mercy Clinic Springfield Communities*, 568 S.W.3d 396, 416-17 (Mo. banc 2019)). "To prove reversible error, the appellant must show both an abuse of discretion and prejudice." *Piers v. Dep't of Corrections*, 688 S.W.3d 65, 73 (Mo. App. W.D. 2024). "An error is prejudicial only if it 'caused outcome-determinative prejudice materially affecting the merits of the action.'" *Id.* (quoting *Mansil v. Midwest Emergency Med. Servs., P.C.*, 554 S.W.3d 471, 475 (Mo. App. W.D. 2018)).

*Analysis*

"A witness may refresh his recollection by a writing prepared by him, or known by him to be correct, if the foundation is laid that the witness exhibits both a lack of present memory and requires the writing for recall." *State v. Payne*, 126 S.W.3d 431, 442 (Mo. App. S.D. 2004). That said, assuming the witness's memory is refreshed, the writing itself is not introduced into evidence or shown to the fact-finder. Rather, the witness's independent recollection, and not the writing, is the evidence allowed before the fact-finder. *See id.*; *State v. Hicklin*, 969 S.W.2d 303, 309 (Mo. App. W.D. 1998).

Here, Respondent's counsel refreshed Appellant's recollection with a video depicting Appellant refusing to give her address to Respondent's process server. Appellant objected on the grounds that the trial court, as the trier of fact, was not allowed to hear the video. The trial court overruled the objection, and Respondent's counsel played the video.

11

"In a bench trial, error in admitting evidence is generally not prejudicial, unless the trial court relies on the inadmissible evidence in making its findings." *State v. Mackey*, 698 S.W.3d 853, 856 (Mo. App. S.D. 2024) (quoting *State v. Dixon*, 586 S.W.3d 304, 317 (Mo. App. W.D. 2019)). "Unless the record clearly reveals that the trial judge considered and relied upon inadmissible evidence, we presume the trial judge was not prejudiced by such evidence and was not influenced by it in reaching his judgment." *Id.* (quoting *State v. Franklin*, 307 S.W.3d 205, 208 (Mo. App. S.D. 2010)). Suffice it to say there is nothing in the record to suggest the trial court considered and relied upon the contents of the video to hold Appellant in contempt of the dissolution judgment.

Point VII is denied.

## Conclusion

We reverse and remand on Point I with instructions to the trial court to set forth in its contempt judgment the facts and circumstances constituting Appellant's contempt of the September 8, 2023, dissolution judgment. We reverse and remand on Point VI with instructions to the trial court to fashion a sanction that does not amend the dissolution judgment. Because Points I and VI are dispositive, we decline to address Points II, III, IV, and V. We deny Point VII.


Cristian M. Stevens, J.

James M. Dowd, P.J., and
Angela T. Quigless, J., concur.

12